John **KOWALSKI**, Bernice Kowalski, Plaintiffs and Appellants,

v.

James **HOLDEN**, Defendant and Appellee.

No. 14130.

United States Court of Appeals
Sixth Circuit.

March 30, 1960.

Meyer R. Rubin, Joel G. Jacob, Detroit, Mich., for appellants.

Alexander, Cholette, Buchanan, Perkins and Conklin, G. Cameron Buchanan and Richard A. Harvey, Detroit, Mich., for appellees.

Before MILLER, CECIL and WEICK, Circuit Judges.

CECIL, Circuit Judge.

This case is before the Court on a motion of the appellee to dismiss the "notice of appeal", filed in the District Court, for the Eastern District of Michigan, on November 20, 1959. It is submitted on the motion and briefs of counsel.

John Kowalski and Bernice Kowalski, plaintiffs and appellants, filed an amended complaint in the District Court, in

which they alleged that James Holden, defendant and appellee, was the owner and operator of an automobile. They further alleged that on September 15, 1956, the plaintiff, Bernice Kowalski, sustained serious and permanent injuries through the negligence of the defendant.

The plaintiffs filed a motion to require the defendant to disclose the limits of his automobile liability insurance policy, as of the date of the accident. The question presented by the motion was submitted to the Court by briefs and lengthy oral arguments. The motion was overruled by an order of the District Judge, dated November 5, 1959.

The appeal is taken from this order without further adjudication of the issues in the case.

The appellee challenges the appeal, on the ground that the order from which the appeal is taken is not final.

Section 1291, Title 28 U.S.C. provides that, "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, * * *". It was said in Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204, "In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation * * * on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined'." (Citations omitted) See also Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L. Ed. 783; Parr v. United States, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377; City of Louisa v. Levi, 6 Cir., 140 F.2d 512, 513; Zalzneck v. Sias, 6 Cir., 248 F.2d 952, 953.

■ Clearly, the order upon which this appeal is predicated is not final in accordance with the rule of these cases. The appellant claims that the facts of this case bring it within the rule of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. At page 546 of 337 U.S., at page 1225 of 69 S.Ct., the court said: "This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

This case involved a stockholder's derivative action. The action was brought in the United States District Court of New Jersey, and at the outset the question arose as to whether a statute of the forum state was applicable in the Federal Court. The stockholder who brought the action owned 0.0125% of the total stock and if the statute was applicable, he was required to give security for the payment of the expenses and attorney's fees of the corporation.

The District Court held that the statute was not applicable. The Supreme Court allowed the appeal, "because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." Any rights the corporation may have had by the application of this statute would have been lost by the time the litigation was completed.

Other cases allowing these collateral appeals are, Trustees v. Greenough, 105 U.S. 527, 531, 26 L.Ed. 1157; Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Swift & Co. Packers v. Compania Colombiana Del Caribe, S. A., 339 U.S. 684, 688, 70 S.Ct. 861, 94 L.Ed. 1206.

■ It would appear from these cases that appeals on collateral issues will lie, when substantial rights would be lost, if the appeal were delayed until the main stream of the litigation is terminated.

■ The case at bar is a simple action to recover damages for the wrongful act of the defendant. The insurance company, if there is one, is not a party to the action. No issue is made in the amended complaint concerning insurance. Indeed, it would be subject to a motion to strike if it were pleaded. An insurance company in a case of this kind is an indemnitor of the defendant. The

relationship between the defendant and the company is fixed by contract. It gives the plaintiffs no rights in the trial between them and the defendant.

We conclude that the amount of the defendant's insurance coverage presents no claim "separable from and collateral to," any "rights asserted in the action."

If any question is presented by the motion to require the defendant to state the limits of his insurance policy, the order overruling it from which this appeal is taken is but an interlocutory step in the lawsuit and its review must await the conclusion of the entire proceeding. "To hold this order 'final' at this stage of the prosecution would defeat the long-standing statutory policy against piece-meal appeals." Parr v. United States, supra; [351 U.S. 513, 76 S.Ct. 916] Heike v. United States, 217 U.S. 423, 429, 30 S.Ct. 539, 54 L.Ed. 821.

The motion to dismiss the appeal is sustained.