**Mary Anne WALSH, Plaintiff-Appellee,**

v.

**CITY OF DETROIT, a Municipal Corporation, Defendant-Appellant.**

**No. 19636.**

United States Court of Appeals
Sixth Circuit.

July 11, 1969.

Robert Reese, Corp. Counsel, William J. Coughlin, Asst. Corp. Counsel, Detroit, Mich., for appellant of record.

Kenneth M. Davies, Davies & DeLoof, Detroit, Mich., for appellee of record.

Before WEICK, Chief Judge, O'SULLIVAN and PHILLIPS, Circuit Judges.

## ORDER

This cause came on to be heard on a show cause order issued by the Court requiring appellant to show cause why the appeal should not be dismissed for the reason that no final appealable order had been entered by the District Court, and on the response of appellant thereto.

The District Court initially held that plaintiff's action could not be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and ordered stricken paragraph I of the complaint. Upon reconsideration, the District Court, relying on Foster v. City of Detroit, 405 F.2d 138 (6th Cir. 1968), held that the action could be maintained as a class action and reinstated that portion of the complaint which had been stricken.

Appellant has appealed from the order holding that the action may be maintained as a class action.

No final order has yet been entered in the District Court and the class action is still pending there.

Rule 23(c) (1) provides in part:

"An order [entered] under this subdivision may be conditional, and may be altered or amended before the decision on the merits."

Even without this Rule, the District Court had the power and authority to reconsider any of its orders entered during pendency of the case, which orders had not become final.

Appellant cites Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955) as authority for the proposition that an order determining an issue in a case is a final order. The case does not so hold and actually is authority against the appellant. In that case the Court held that an order denying a stay was not a final appealable order. The Court referred to the long-expressed policy of Congress "against piecemeal appeals." See also Parr v. United States, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956). No authority has been cited by appellant holding that an order of the type entered by the District Court is appealable.

This case does not involve an order collateral to and separable from rights asserted in the main action; Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Kowalski v. Holden, 276 F.2d 359 (6th Cir. 1960). It is more like an order granting separate trials, which was held not to be appealable in Travelers Indemnity Co. v. Miller Mfg. Co., 276 F.2d 955 (6th Cir. 1960).

The City will have the right to review the order as soon as a final judgment has been entered.

It is ordered that the appeal be and it is hereby dismissed for lack of jurisdiction.