**Larry E. COTTEN et al.,
Plaintiffs-Appellants,**

v.

**TREASURE LAKE, INC., and Westinghouse Credit Corporation,
Defendants-Appellees.**

No. 75–1035.

United States Court of Appeals,
Sixth Circuit.

July 1, 1975.

Certiorari Denied Nov. 3, 1975.
See 96 S.Ct. 281.

Mack D. Cook, II, George W. Rooney, Jr., Ronald N. Towne, Akron, Ohio, for plaintiffs-appellants.

Thomas S. Kilbane, Squire, Sanders & Dempsey, Marvin A. Sicherman, Dettelbach & Sicherman, Cleveland, Ohio, for defendants-appellees.

Before WEICK, LIVELY and ENGEL, Circuit Judges.

WEICK, Circuit Judge.

This is an appeal from an order of the District Court denying plaintiff-appellants' application for certification of their action as a class action. The appellees filed a motion to dismiss the appeal on the ground that the order of the District Court denying certification as a class action was not a final decision or an appealable order under 28 U.S.C. § 1291.

The motion to dismiss was considered by the Court and was denied without prejudice to renewal when the appeal was to be heard on its merits.

We later heard arguments on the merits of the case and also arguments on the motion to dismiss, which motion had been renewed.

The suit in the District Court was filed by several persons in their own behalf as purchasers of lots in the Treasure Lake Development in Pennsylvania, and on behalf of numerous other purchasers of lots in the development, as a class, to recover damages for fraud in connection with the various sales of the lots. Violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.*, and the Civil Rights Act, 28 U.S.C. §§ 1343(3) and (4) were alleged. Rescission of the purchase contracts was also sought.

In its memorandum opinion and order the District Court was of the view that individual issues would constitute the bulk of the evidence at the trial since plaintiffs were largely asserting fraudulent oral misrepresentations made to various purchasers of the lots, on which misrepresentations they relied in signing the various sales papers; that such misrepresentations would necessarily have to be proven individually in order to establish violation of the Interstate Land Sales Full Disclosure Act and the Truth in Lending Act; and also that the counterclaims asserted by the defendants would raise individual issues. The Court was of the opinion that the action failed to satisfy the requirement of predominant questions of law or fact required by Rule 23, Fed.R.Civ.P., and could not be properly maintained as a class action.

The Court was also of the view that the provisions of the Truth in Lending Act for the award of attorney's fees to successful plaintiffs and the amounts of the typical claims of potential class members, which were in the range of several thousands of dollars, were enough to provide significant motivation for individual actions.

The Court relied on an unreported opinion of the District Court for the Northern District of Georgia, in *Siebert v. Great Northern Dev. Co.,* Civil Action No. 17,349 (N.D.Ga., 1973), which involved a similar action, with some of the same defendants in the present case.

■ We do not reach the merits of the case as we are of the opinion that the

decision of the District Court was not final and no final appealable order has yet been entered. The case is still pending in the District Court. Therefore, we have no jurisdiction to consider the merits of the appeal.

*Cobbledick* v. *United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940) makes it clear that only final judgments or decrees are appealable.

Rule 23(c)(1) of Fed.R.Civ.P. provides in part:

An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

This provision of the Rule definitely establishes that an order certifying or denying certification of a class action is not final because the Court may change the order at any time before it decides the case.

We considered this rule in *Walsh* v. *City of Detroit,* 412 F.2d 226 (6th Cir. 1969). In that case the District Judge initially determined that the action could not be maintained as a class action. Upon reconsideration, the District Judge changed his mind and held that the action could be maintained as a class action. The defendants appealed and we dismissed the appeal for lack of jurisdiction. In *Walsh* we declined to apply the "collateral order doctrine" of *Cohen* v. *Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) to orders maintaining or refusing to maintain a class action. We are not persuaded that we should establish a different rule in the present case.

Because of the amount of the claim of each of the named plaintiffs this case does not require consideration of the "death knell" rule enunciated in *Eisen* v. *Carlisle & Jacquelin,* 370 F.2d 119 (2d Cir. 1966), *cert. denied,* 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967); see *Ott* v. *Speedwriting Pub. Co., Inc.,* (6th Cir., No. 74–2002, 1975).

*Eisen* v. *Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) may be distinguished on the ground that

the order from which the appeal was taken finally allocated notice costs against petitioner.

The Fifth Circuit was in accord with our views when it dismissed for lack of jurisdiction an appeal taken from the unreported decision of the District Court for the Northern District of Georgia, hereinbefore referred to, and on which the District Judge relied. *Siebert* v. *Great Northern Dev. Co.,* 494 F.2d 510 (5th Cir. 1974).

The order of the District Court declining to certify the class may be fully reviewed in any appeal taken from a final judgment later entered in this case.

The motion to dismiss the appeal is therefore granted and the appeal is dismissed for lack of jurisdiction.