**BELLARMINE COLLEGE, On Behalf of Itself and the Members of a Purported Class, Appellant,**

v.

**Paul HORNUNG, Appellee.**

Court of Appeals of Kentucky.

Sept. 9, 1983.

As Modified Sept. 23, 1983.

Discretionary Review Denied Feb. 10, 1984.

Robert E. Stopher, Edward H. Stopher, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

William C. Boone, Jr., Schuyler J. Olt, Greenebaum, Doll & McDonald, Louisville, for appellee.

Before DUNN, HOWARD and HOWERTON, JJ.

## OPINION AND ORDER

HOWERTON, Judge.

Bellarmine College appeals from an order of the Jefferson Circuit Court certifying a class of defendants and designating it as class representative. Despite the fact that the order contains the recital that it is final and appealable, we determine that it is merely interlocutory. Therefore, we must dismiss this appeal.

On July 30, 1982, Paul Hornung sued five individuals and Western Kentucky University as representative of a class of all members of the NCAA. Western was dismissed from the suit, and Bellarmine College was substituted as the class representative. The order certifying the class of defendants and designating Bellarmine College as representative was entered on November 1, 1982.

In reviewing the transcript of the proceedings concerning the time when Judge Witten decided to allow Hornung to proceed against Bellarmine College as a representative of a class, we read the following colloquy between the judge; Mr. Stopher, on behalf of Bellarmine; and Mr. Boone, on behalf of Hornung:

COURT: ... I'll sign a final order on that and let you appeal that to show that they could not—

MR. STOPHER: (Interrupting) If you would, Your Honor.

COURT: I'll sign a final order and let you appeal that.

MR. STOPHER: Judge, we would very much like that.

COURT: Well, I'll do it. You know, if the Court of Appeals accepts it. Now, you understand that the Court of Appeals may say, "Now, wait a minute

Judge Witten. Don't you sign nineteen final orders. You know the multiple deal." But, I'll sign a final order if that will make you feel more comfortable and I think Mr. Boone doesn't care, do you?

MR. BOONE: Judge, I don't want to stall this case by going to the Court of Appeals.

COURT: Well, it won't stall it because we will go on with the merits.

The trial judge signed the order, and Bellarmine appealed. Hornung moved to dismiss the appeal on the ground that the order was interlocutory and nonappealable, but a motion panel of this Court denied the motion on April 7, 1983.

Although a panel of this Court has previously considered the order to be final and appealable, this panel has now had an opportunity to peruse the record and view the situation more thoroughly. This Court has a duty to determine for itself whether it is authorized to review an order appealed from, even if the issue is not presented or no longer pursued by a party opposing an appeal. *Hook v. Hook,* Ky., 563 S.W.2d 716 (1978).

Although there are no Kentucky cases dealing with the issue of the finality of a class certification order, an analogy may be clearly drawn from federal cases addressing the issue. There is also a parallel between the procedural rules of Kentucky and the federal courts.

CR 23.01–23.05 are concerned with class actions, and they are identical to Fed.R. Civ.P. 23. The rules provide that a court order directing the maintenance of a class action "may be conditional, and may be altered or amended before the decision on the merits." CR 23.03(1) and Fed.R.Civ.P. 23(c)(1). The rules dealing with judgments are also similar. CR 52.01 provides that a final, appealable judgment is one adjudicating all rights of all parties, or a judgment under CR 54.02. CR 54.02 provides for partial final judgments in cases involving multiple claims or multiple parties. However, when a judgment or order is made final as to less than all parties or claims, the judg-ment or order must recite that it is final and that there is no just cause for delay. Fed.R.Civ.P. 54(a) and (b) are comparable to the Kentucky Rules.

The general rule to be interpreted from the federal cases is that an order granting or denying class status is not appealable until the entry of a final, complete judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Parkinson v. April Industries, Inc.,* 520 F.2d 650 (2nd Cir.1975); and *Walsh v. Detroit,* 412 F.2d 226 (6th Cir.1969). The rationale for this rule is found in *Parkinson, supra,* at 653. The opinion reads:

> The granting of a class designation is in no sense an effective termination of any aspect whatever of the litigation, but only directs the form in which the litigation will proceed. The initial order is strictly provisional and by the terms of Rule 23(c)(1) "may be altered or amended before the decision on the merits."

This rationale was repeated in *Coopers & Lybrand, supra,* 437 U.S. at 469, 98 S.Ct. at 2458. Sound judicial administration requires the avoidance of piecemeal dispositions of cases, and appellate courts must not be indiscriminately thrust into the processes of single-party or single-claim trials until they are final.

The plaintiffs in *Coopers & Lybrand* were purchasers of stock who had relied on a particular prospectus. They sought to represent all buyers in that class. They argued that, because of the individual amounts involved, the denial of a class action amounted to a "death knell" for their suit. The Circuit Court of Appeals accepted the argument, allowed the appeal, and reversed the decision of the district court to deny class status on the merits.

The Supreme Court rejected the "death knell" concept in this situation for several reasons. Appealability does not depend on the amount of the claim. To the extent that amount is a factor, it is a figure set by legislative action. The Court also reasoned that the doctrine favored only plaintiffs,

even though a class issue could be equally critical to defendants.

The opinion in *Coopers & Lybrand* also considered the "collateral order" exception. The court concluded that it did not apply to a prejudgment order denying class certification. The exception applies when a ruling cannot be effectively reviewed on appeal. The question of class certification can be effectively reviewed on appeal, and it can be reconsidered by the trial court. CR 23.03(1) and Fed.R.Civ.P. 23(c)(1).

In *Walsh v. Detroit, supra,* the Court held that an order certifying a class action is amendable and, therefore, not final. Since the class action itself was still pending in the trial court, review would eventually be available to the parties once a final decision was reached in the case. This is identical to the Bellarmine situation. *Walsh* was cited by the 6th Circuit in support of its decision to deny review of an order denying certification in *Cotten v. Treasure Lake, Inc.,* 518 F.2d 770 (6th Cir.1975).

An exception was made in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). In *Eisen,* the order appealed from not only granted a class certification, but it also imposed 90 percent of the cost of notifying all parties of the plaintiffs' class on the defendant. The *Eisen* appeal actually centered on the district court's decision to impose notice costs of the action upon the defendants. The situation could cause irreparable harm, and the defendants had a separable and collateral issue to be raised. The problem could not be effectively remedied by appeal.

None of the exceptions are present in this case. The order certifying Bellarmine College as a class representative is merely interlocutory and nonappealable. Although the trial court's order complies with CR 54.02, in that it states it is final and there is no just cause for delay, such recital does not in fact make the order final. *Hale v. Deaton,* Ky., 528 S.W.2d 719 (1975), and *Hook, supra.*

CR 54.02 has a very questionable application in this case. The rule allows for appeals in cases involving multiple claims or multiple parties. The case involves only one claim, and there is only one plaintiff, Paul Hornung. Bellarmine College, as representative of the members of the NCAA, is the only defendant affected by the dispute concerning the class certification.

For the foregoing reasons, this appeal is dismissed, and the case is remanded to the Jefferson Circuit Court for further proceedings.