823 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald BRADLEY, et al., Plaintiffs-Appellants,
v.
William MILLIKEN, et al., Defendants-Appellees.
 No. 86-1214
 United States Court of Appeals, Sixth Circuit.
 July 20, 1987.
 
 Before MERRITT and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 In this appeal, designated as case number 86-1214, the Notice of Appeal filed March 5, 1986, by Thomas I. Atkins and Jeanne Mirer states as follows:
 
 
 2
 Plaintiffs, Ronald Bradley, et al., by and through their attorneys Thomas I. Atkins and Barnhart & Mirer, P.C., hereby appeal to the Sixth Circuit Court of Appeals from the order denying plaintiff's motion to supplement class representatives dated February 3, 1986.
 
 
 3
 Counsel for Ronald Bradley, et al., and the plaintiff class, according to the record of appearances in the court below, are Grover G. Hankins, General Counsel, NAACP, and Horace E. Stone and Janice L. Burns. These lawyers, acting on behalf of the plaintiff and the plaintiff's class, moved for dismissal of the appeal for lack of appellate jurisdiction. The Detroit Board of Education and the Governor of Michigan, as party defendants, joined in this motion to dismiss this appeal, 86-1214, for lack of appellate jurisdiction.
 
 
 4
 An order denying a 'Motion to Supplement Class Representatives' is not a final order subject to appeal under 28 U.S.C. Sec. 1291. See Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978); Cotten v. Treasure Lake, Inc., 518 F.2d 770 (6th Cir.), cert. denied, 423 U.S. 930 (1975). Similarly, such an order is not appealable as an injunctive order under 28 U.S.C. Sec. 1292(a)(1). See Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478 (1978). Moreover, the District Court did not certify the order as appealable as required by 28 U.S.C. Sec. 1292(b). See Coopers & Lybrand, 437 U.S. at 475.
 
 
 5
 Accordingly, the appeal in case number 86-1214 is dismissed for lack of appellate jurisdiction over the issue presented by the Notice of Appeal.