**SAMOA AVIATION, INC., dba SAMOA AIR, Plaintiff**

v.

**ROBERT G. BENDALL, PACE AVIATION LTD. and PAL AIR INTERNATIONAL, INC., Defendants**

High Court of American Samoa
Trial Division

CA No. 50-95 & CA No. 70-95

September 29, 1995

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Marshall Ashley
 For Defendants, Togiola T.A. Tulafono

Order Denying Motion for Reconsideration:

## BACKGROUND

On September 7, 1995, this court issued an order appointing Marshall Ashley, a United States citizen, as defined by 14 C.F.R. § 47.2, Trustee on behalf of plaintiff Samoa Aviation, Inc. and defendants Robert G. Bendall, Pace Aviation Ltd., and Pal Air International, Inc. as beneficiaries ("order"). We appointed Ashley Trustee, holding title to the aircraft known as N28SP and N711AS, both DeHavilland Twin Otters, solely for the purpose of registering such title with the Federal Aviation Administration ("FAA") pending adjudication of the rightful ownership of the planes. Title was transferred to the Trustee, and possession and operation of the aircraft were left with plaintiff.

On September 11, 1995, defendants filed a motion for reconsideration, or, in the alternative, for certification of our order for interlocutory appeal on the issue of the appointment of the Trustee and transfer of title. The hearing on the motion was expedited and came before the court on September 27, 1995. The parties were represented by counsel.

## DISCUSSION

### I. *Motion for Reconsideration*

Defendants give great weight to the fact that "no statutory authority nor a rule of court" was cited by plaintiff in arguing for the appointment of a trustee. Def.'s Mem. Supp. Mots. at 3. Much to our disappointment,

defendants also have chosen to cite no statutory authority nor a rule of court. Without any guiding authority, and apparently expected to proceed strictly on *gut instinct*, we choose to stick with our initial instinct, as articulated in our order, and deny defendants' motion for reconsideration.

## A. Interpretation of the Code of Federal Regulations

Defendants claim that the portion of the Code of Federal Regulations dealing with airplane ownership and registration, *See* Aircraft Registration, 14 C.F.R., Pt. 47, Subpt. A (1984), does not authorize this court to appoint a trustee and transfer title to the aircraft in question. Defendants, however, merely point us to the language of Part 47, itself, without citing any authority interpreting that language.

■ Nowhere does Part 47 state that a court may not appoint a trustee to hold title in the interest of justice. To the contrary, Section 47.7(c)[1] sets forth the citizenship requirements for a trustee seeking to register an aircraft at some length. In so doing, Section 47.7(c) refers to a trustee as "[a]n applicant for aircraft registration under section 501(b)(1)(A)(i) of the [Federal Aviation] Act [of 1958, 49 U.S.C. §§ 1301 *et seq.*] that holds legal title to an aircraft in trust." 14 C.F.R. § 47.7(c) (1984). Although the section does not tell us how one might come to hold legal title to an aircraft in trust, neither does it limit such a prospect.

■ Even more telling, Section 47.11(h) deals with the documentation of ownership required from an applicant for registration. "The trustee of property that includes an aircraft . . . must submit either a certified copy of *the order of the court appointing the trustee*, or a complete and true copy of the instrument creating the trust." 14 C.F.R. § 47.11(h) (1984) (emphasis added). Thus, § 47.11(h) definitely recognizes that legal title to an aircraft in trust can arise by judicial order. Furthermore, this section places no limitations on the situations in which this might occur.

■ Defendants' bald assertion that "[t]he 'Trustee' created by this Court does not qualify as [an] owner under the definition of CFR § 47.5(d)," misinterprets that section. Section 47.5 provides that "[a]n aircraft may be registered only by and in the legal name of its owner." 14 C.F.R. § 47.5(b) (1984). Section 47.5(d) provides that the term "'owner' *includes* a buyer in possession, a bailee, or a lessee of an aircraft under a contract of conditional sale, and the assignee of that person." 14 C.F.R. § 47.5(d)

---

[1] All references are to 14 C.F.R., unless otherwise noted.

(1984) (emphasis added). Section 47.5(d) does not limit the definition of "owner," as defendants apparently contends, but instead provides that, *in addition to* those persons holding legal title, the term shall include the enumerated persons, not normally thought of as owners.[2]

■ Section 47.11, dealing with evidence of ownership, further shows that § 47.5(d) is not meant to limit the definition of "owner." Section 47.11 lists the documentary proof of ownership needed not only by a buyer in possession, a bailee, a lessee, or their assignees, *see* 14 C.F.R. § 47.11(a), but also by a repossessor, a buyer at a judicial sale, the owner of a title that has been in controversy and determined by a court, the executor or administrator of an estate, a buyer of an aircraft from an estate, the guardian of another person's property, and, of course, a trustee. *See* 14 C.F.R. § 47.11(b)-(h). Since all of these fall under the heading "Evidence of ownership," we find it difficult to conceive that each cannot be an owner for purposes of the same Part. Thus, a trustee can clearly be an owner for registration purposes.

Therefore, while agreeing with defendants that Title 14, Part 47 of the Code of Federal Regulation does not explicitly grant this court the authority to appoint a trustee to hold title to the aircraft in this controversy, neither does it limit our ability to do so. The only question, then, is under what circumstances this court may validly appoint a trustee.

B. Courts of Equity May Appoint A Trustee Where The Interests Of Justice So Require.

■ The power of a court of equity to appoint a trustee in a proper case is part and parcel of its general jurisdiction and control over trust estates. 76 Am. Jur. 2d, *Trusts* § 248 (1992); *see also Citizens Bldg. & Loan Ass'n v. Knox*, 146 Kan. 734, 74 P.2d 161 (1937). The court can exercise this power very broadly. *See Wertin v. Wertin*, 217 51, 13 N.W.2d 749 (Minn. 1944). The court may also make necessary orders to protect the property of such trust. *McKee v. Lamon*, 159 U.S. 317 (1895).

■ A constructive trust is one "created by operation of law and imposed by a court in equity to prevent a fraud." 76 Am. Jur. 2d *Trusts* § 11 (1992); *see also Black's Law Dictionary* 285 (5th ed. 1979). Facts giving rise to a constructive trust in themselves give rise to an action to enforce

---

[2] "Owner" can be commonly defined as "[t]he person in whom is vested the ownership, dominion, or title of property." BLACK'S LAW DICTIONARY 996 (5th ed. 1979). None of the terms listed in Section 47.5(d) would fit this definition.

such trust. *Brainard v. Buck*, 184 U.S. 99 (1902). Plaintiff alleged such facts before this court and properly pursued an action to impose a constructive trust on the aircraft.

■ A court in equity will not be bound by an unyielding formula, but must shape its relief to match the nature of the transaction. To do this, a court should consider all of the circumstances bearing on the matter. *Wertin*, 13 N.W.2d 749. We have done this in establishing the present Trust, and defendants have failed to present us with any evidence to the contrary.

## C. Appointment of a Receiver

Plaintiff has urged upon us that, as an alternative to appointing a trustee, we might also appoint a receiver in this matter "to protect and preserve the property pending the outcome of the litigation." Pl.'s Resp. to Def.'s Mot. for Recons. at 2. Although it is not necessary for us to reach this issue now, having decided to affirm our earlier decision in the matter, we would like briefly to address our reason for appointing a trustee instead of a receiver in the first place, having felt it unnecessary to do so in our order.

■ A receiver is a "ministerial officer, agent, creature, hand, or arm of, and a temporary occupant and caretaker of the property for, the court, and he represents the court appointing him, and he is the medium through which the court acts." BLACK'S LAW DICTIONARY 1140 (5th ed. 1979).

> The ultimate end of a receivership is to enable the court to accomplish, so far as practicable, complete justice between the parties before it. To this ultimate end it is the purpose of a receivership to prevent injury to the thing in controversy and to preserve it, *pendente lite* or after judgment, for the security of all parties in interest, to be finally disposed of as the court may direct. . . . The appointment of a receiver certainly is not made for the purpose of destroying the rights of persons, but rather, that their rights may be made more secure.

65 Am. Jur. 2d, *Receivers* § 3 (1972) (footnotes omitted). We articulated this end and purpose in making the order.

In the normal course of a trial where the court is concerned about the improper disposition of property by one of the parties, a receivership would be our selected form of protection for that property. However,

> [t]he general rule is that the appointment of a receiver does not in and of itself operate to change any title, right, or interest, or to vest any title or estate in the receiver; on the contrary, the title to the property in receivership continues in the defendant . . . until he is divested of it by a receiver's sale, or act of his own.

*Id.* at § 160 (footnotes omitted).

Before this Trust was ordered, defendants had allowed the certificates of registration with the FAA to lapse. *See* Pl.'s Mem. Supp. Am. Prelim. Inj. ex. A (letter from FAA). The FAA denied plaintiff's attempts to register the aircraft in its own name, and plaintiff justifiably feared that the aircraft would be grounded. Thus, we instituted this Trust to allow registration of the planes and to allow plaintiff to continue flying.

We find no provision in Title 14, Part 47 of the Code of Federal Regulations allowing registration of aircraft in the name of a receiver. On our reading of the regulations, the applicant for registration must *hold title* to the aircraft he wishes to register. Setting up a normal receivership would have left plaintiff in the same position as if this court had taken no action whatsoever. For these reasons, we created this Trust, and it is the creation of that Trust which we now reaffirm.

## II. *Motion To Certify Order For Interlocutory Appeal*

■ Defendants have requested that, upon denying the motion for reconsideration, we certify the order creating the Trust for interlocutory appeal. Generally, an interlocutory order during the course of a trial or other judicial proceeding is not a "final decision" within the meaning of A.S.C.A. § 3.0309 and similar statutes. *Kim v. American Samoa Gov't*, 17 A.S.R.2d 193, 195 (App. Div. 1990). Such orders, even though they may be "fully consummated decisions" with respect to the issues they address, "are but steps towards final judgment in which they will merge," and are therefore reviewable only by means of appeal from an adverse judgment in the main proceeding. *Id.*; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); *see Deaver v. United States*, 483 U.S. 1301 (1987).

■ An interlocutory order falling within the "collateral order exception," however, can be appealed. *Kim*, 17 A.S.R.2d at 195. This exception describes "that small class [of interlocutory orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the

cause itself to require that appellate considerations be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546. To fall within the collateral order exception, an order must (1) conclusively resolve the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from the final judgment in the main case. *Kim*, 17 A.S.R.2d at 195; *Van Cauwenberghe v. Biard*, 486 U.S. 517 (1988); *Coopers & Lybrand v. Livesay*, 458 U.S. 263 (1978).

The order challenged is clearly collateral, in that it determines a question separate and distinct from the merits of the action. The appointment of the Trustee to hold title and register the planes will in no way effect the ultimate determination of ownership. Furthermore, we have conclusively resolved the issue of the Trustee's appointment, both in our original order and in this order denying the motion for reconsideration.

Finally, normal appeal will not present an effective review of this issue. A collateral order is generally regarded as "effectively unreviewable" where "substantial rights would be lost if appeal were delayed until the main stream of the litigation is terminated." *Kim*, 17 A.S.R.2d at 196 (*quoting Kowalski v. Holden*, 276 F.2d 359 (6th Cir. 1960)). Defendant urges upon this court that

> the order of the court has effectively taken away legal title from Pace Aviation Ltd. without a full adjudication on the merits and has thus changed the *status quo* of Pace Aviation Ltd. as it will be forced, even if it is temporary, to show a deduction of valuable assets from its financial statements and condition.

Def.'s Aff. Supp. Mot. at 4. We agree.

We, therefore, hold that the order appointing the Trustee to take title and register the aircraft is within the small class of pre-judgment orders which are final decisions immediately appealable under A.S.C.A. § 3.0309.

## CONCLUSION

In conclusion, we reaffirm today our earlier order appointing Marshall Ashley Trustee for the aircraft--to take title and to register them with the FAA. We, therefore, deny defendants' motion to reconsider.

However, we agree with defendants that this order is a final decision, and certify it for immediate appeal in accordance with the appropriate

228

**procedural** provisions.

**It is so** ordered.