Pauline HOOK, Movant,

v.

Albert Warren HOOK, Respondent.

Supreme Court of Kentucky.

March 14, 1978.

David A. Lambertus, Louisville, for movant.

August A. Klapheke, Louisville, for respondent.

REED, Justice.

This is a child custody case involving an "interstate child." The mother was awarded permanent custody in a divorce judgment in a foreign state. The father later moved to Louisville, Kentucky. The mother brought the child to the father. The father, while in possession of the child, brought an action against the mother in the Jefferson Circuit Court to modify the foreign custody order. The mother questioned the jurisdiction of the court. The circuit court held a hearing and on the pleadings, affidavits, and statements of counsel entered an order that it had jurisdiction to determine the issue of modification. This order confined itself to the question of jurisdiction but contained a recital that it was "final and appealable and that there was no just reason for delay." CR 54.02. The mother filed a notice of appeal from this order. A subsequent order found her in contempt for removing the child from this state and awarded "immediate possession" of the child to the father. No appeal was attempted from this order.

The Court of Appeals rendered an opinion in which it affirmed the "jurisdiction order" of the circuit court and remanded the case back to that court for a disposition of the question of modification of the foreign custody order on the merits. The mother moved this court for discretionary review of the decision of the Court of Appeals which we granted. We now hold that the circuit court's "jurisdiction order" was not reviewable by direct appeal and that the decision of the Court of Appeals should be vacated and the appeal dismissed.

Prior to the adoption of the Civil Rules of Procedure, the appellate court had no jurisdiction to review by direct appeal orders and judgments of a circuit court unless they were final. *Hubbard v. Hubbard*, 303 Ky. 411, 197 S.W.2d 923 (1946). In 1953 the adoption of the Civil Rules of Procedure retained this rule in a modified form by the provisions of CR 54.

CR 54.01 declares: ". . . A final or appealable judgment is a final order adjudicating all the rights of all the parties in an

action or proceeding, or a judgment made final under Rule 54.02."

CR 54.02 is confined to actions involving multiple claims or multiple parties. It permits an interlocutory judgment or order to be made appealable under specified circumstances. The action before the circuit court involved neither multiple claims nor multiple parties. CR 54.02 did not apply.

■ Where an order is by its very nature interlocutory, even the inclusion of the recitals provided for in CR 54.02 will not make it appealable. *Hale v. Deaton*, Ky., 528 S.W.2d 719 (1975). See also Clay, Ky. Prac., 3rd Ed. Civil Rule 54.02, p. 14 (1977 Pocket Part).

■ Although the question is not raised by the parties or referred to in the briefs, the appellate court should determine for itself whether it is authorized to review the order appealed from. *Hubbard v. Hubbard*, supra.

■ This "jurisdiction order" was plainly an interlocutory determination. The recitals made by the trial judge added nothing. It was not reviewable by direct appeal.

The decision of the Court of Appeals is vacated and the cause is remanded to that court with directions to dismiss this appeal.

All concur.