Barbara J. **BROCKWAY**, Appellant,

v.

**ROCKWELL INTERNATIONAL; Special Fund; and Workers Compensation Board, Appellees.**

No. 94–CA–001102–WC.

Court of Appeals of Kentucky.

Aug. 4, 1995.

Case Ordered Published by Court of Appeals Sept. 22, 1995.

Benjamin L. Gardner, Louisville, for appellant.

Judson F. Devlin, William A. Miller, Sr., Thomas L. Ferreri, Ferreri & Fogle, Louisville, for Rockwell International.

Judith K. Bartholomew, Louisville, for Special Fund.

Before GARDNER, GUDGEL and HUDDLESTON, JJ.

HUDDLESTON, Judge.

This is an appeal from an opinion of the Workers' Compensation Board that affirmed an Administrative Law Judge's decision to deny Barbara Brockway's claim for workers' compensation benefits. ALJ Dwight T. Lovan dismissed her claim pursuant to KRS 342.185, because a disabling carpal tunnel syndrome condition became manifest more than two years prior to the filing of an Application for Adjustment of Claim. On appeal to the Board, Brockway argued that the date that the statute of limitations should have begun to run was May 29, 1992, her last day of work. The Board disagreed. The Board's well-written opinion expresses our views of the matter, so we adopt it as our own.

"Brockway, born January 4, 1946, has a high school education and has received specialized training in sign language. In her eight years of employment with Rockwell, Brockway's job involved finishing fiberglass truck parts, using pneumatic sanders, grinders, and routers, as well as performing hand sanding. She has previous work experience as a small claims typist for an insurance company, house cleaner, and as a waitress.

"As early as 1987, Brockway began experiencing symptoms of pain in her hands, wrists and arms. These symptoms increased to such an extent that in the Summer of 1989, she was referred to Dr. Morton Kasdan, a specialist in plastic surgery and reconstructive surgery of the hand, who diagnosed her has having bilateral carpal tunnel syndrome which he attributed to her work at Rockwell. Subsequent to neurologic examination, EMG and nerve conduction studies, and an office visit in July 1989, Dr. Kasdan, in a report to Rockwell and in discussions with Brockway, advised that Brockway should avoid repetitive pinching and gripping activities, avoiding constant and repetitive use of intense or heavy vibrating tools. He stated that he also advised Brockway that she would need a permanent job change.

"The record before the ALJ revealed that Rockwell did in fact place her on a different type job during most of the subsequent years that she continued to work for Rockwell until she left in May of 1992. Dr. Kasdan did not see Brockway again until an evaluation was performed in April 1993 because Brockway had changed to a different treating physician during the interim. He testified, however, that his diagnosis, restrictions and limitations placed on Brockway were about the same in 1989 as he viewed them, in his opinion, in 1993. He testified that his restrictions and recommendations made in 1989 were permanent at that time. He further stated that his nine percent (9%) impairment rating would have been about the same in 1989 and that her symptomatic condition had manifested itself at the time he first saw her in the summer of 1989.

"Dr. B. Thomas Harter, hand surgeon, also treated Brockway beginning on November 8, 1989. He diagnosed bilateral carpal tunnel syndrome and bilateral lateral epicondylitis. He treated Brockway throughout her continued employment with Rockwell. He initially placed her on similar restrictions as had Dr. Kasdan and, in addition, testified that he kept her on those restrictions indefinitely. His impairment rating was 11 percent of the whole person.

"Dr. O.M. Patrick performed an evaluation of Brockway. He diagnosed carpal tunnel syndrome by history. Based upon a hypothetical question, Dr. Patrick agreed that Brockway's condition manifested itself in 1989 when she sought treatment from Dr. Kasdan and from Dr. Harter and, at that time, became disabling to some extent requiring limited duty.

"The ALJ, in his Opinion and Order, dismissed Brockway's claim as not having been filed within the statute of limitations in accordance with KRS 342.185, finding as fact the following:

There is no question but that the Plaintiff had a distinct physiological manifestation of her work related carpal tunnel syndrome in November of 1989. Each of the physicians testifying agreed that that was

the case. Of more concern in interpreting the language of *Pendland* is when Plaintiff's disability was manifested. In *Pendland* the manifestation of that disability occurred when the Plaintiff last worked. However, the court in *Pendland* also noted that depending upon the factual circumstances of each claim in determining the statute of limitations triggering date, one must consider the date that the disabling reality of the injury became manifest. It did not unfortunately treat mini trauma claims in the same manner that one would treat an occupational disease claim and thus established that the date of last exposure was the date of the onset of the disability. The Court of Appeals in that claim opined that there may be cases in which it is established that Plaintiff either experienced temporary disability or partial disability at a date earlier than the last date that they worked which could be the date of triggering the statute of limitations. We believe that the credible proof in the instant action establishes that Plaintiff had a manifested physiological disability as of November 11, 1989. By her testimony, the testimony of her treating physician, Dr. Harter, and the testimony of Dr. Kasdan, who both treated her and examined her, restrictions were placed upon her at that time which restrictions have not changed. Although one might believe that her continued working at Rockwell may have added to her physiological condition, the evidence in our opinion does not support that conclusion. In reality, as testified to by all of the physicians, Plaintiff's cessation of work should have improved her condition significantly if the work were a primary factor. It has not. Further, we would note that Dr. Harter, who we found to make an honest attempt to make sense out of a confusing situation, clearly established by the use of his language that the condition that he diagnosed in 1989 was related to her work. However, we do not believe that his testimony satisfies the Plaintiff's burden of proof to establish that there was a continuation of 'mini' traumas, or that it in any way increased her disability.

First, we conclude that Plaintiff's claim for carpal tunnel syndrome is barred by the two year statute of limitations as contained in KRS 342.185. Unfortunately, even if we were to conclude otherwise as to the entirety of her claim, we believe that the evidence establishes beyond question that her disability to the extent that it may exist is not different now than it was in 1989. The physicians who saw her both in 1989 and near the present time each testified that their restrictions were the same then as they are now. Therefore, even if the continued work activities resulted in additional mini traumas contributing to Plaintiff's physiological condition, we believe that the credible evidence establishes that there is no additional disability.

"KRS 342.185 plainly states that a workers' compensation claim cannot be maintained 'unless an application for adjustment for compensation with respect to such injury shall have been made with the board within two (2) years after the date of accident.' The court, in *Randall Company v. Pendland*, Ky. App., 770 S.W.2d 687 (1989), has interpreted this statute in the case of mini-traumas, to mean, 'the date for clocking a statue of limitations begins when the disabling reality of the injuries becomes manifest.' Thus, the question which we must determine is when the disabling reality of the injuries became manifest. We also conclude that the analysis is pegged upon a view of the factual matters at hand developed from the evidence in each case.

"The ALJ determined that Brockway's injury became manifest in 1989. Thus, the burden Brockway has in this forum is to show that the evidence was such that the finding against her was unreasonable. *See, Special Fund v. Francis*, Ky., 708 S.W.2d 641 (1986).

"Brockway filed her Application for Adjustment of Claim with the Department of Workers' Claims on December 14, 1992, alleging an injury date of May 29, 1992. Here, the ALJ's determination that Brockway's claim was barred by the statute of limitations was supported by substantial evidence from both the medical evidence and Brockway's testimony as well. Brockway testified that

she was in fact placed on limited restrictions following treatment by Dr. Kasdan in 1989, and that her job functions were changed to accommodate those restrictions. She was further apprised by Dr. Kasdan that she should seek a permanent job change from the activities required within her employment. In our judgment, Brockway, based upon the evidence adduced in 1989, would have been entitled to file for entitlement to an award for disability as a result of the mini-traumas sustained by her at that point. KRS 342.0011(11).

■ "Additionally, although Brockway seeks to argue that she had no knowledge her condition was permanent and therefore not manifest, it is well settled that the ALJ, as fact-finder, has the authority to believe part of the evidence and disbelieve other parts even if it comes from the same witness or the same adversary party's total proof. *Caudill v. Maloney's Discount Stores,* Ky., 560 S.W.2d 15 (1977).

"We also note that while Brockway argues that the latter period of her employment exacerbated her symptoms which forced to (sic) her to quit, the evidence is quite clear that the plant was closing and Brockway voluntarily resigned and took a severance pay. While the ALJ could have accepted Brockway's testimony and made a different determination, there is no compelling evidence requiring the determination of the ALJ in this case to be set aside."

This Court's standard of review for opinions from the Board is aptly stated in *Western Baptist Hospital v. Kelly,* Ky., 827 S.W.2d 685 (1992) where the Kentucky Supreme Court said:

> The function of further review of the [Workers' Compensation Board] in the Court of Appeals is to correct the Board only where the ... Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice.

*Id.* at 687. Here the Board has not misconstrued the law set forth in *Randall Co. v. Pendland,* Ky.App., 770 S.W.2d 687 (1989),

pertaining to when the statute of limitations begins to run.[1] Neither has the Board inaccurately assessed the evidence from Brockway's and Rockwell's doctors about when Brockway's condition became permanent. Therefore, the Board correctly affirmed the ALJ decision that Brockway's claim was barred by the statute of limitations set out in KRS 342.185(1).

The Workers' Compensation Board's Opinion rendered April 15, 1994, is affirmed.

All concur.

---

1. *See also Coslow v. General Electric Company,* Ky., 877 S.W.2d 611 (1994).