**Thomas DAVIS, Appellant,**

v.

**ISLAND CREEK COAL COMPANY; Honorable Richard Campbell, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 97–SC–153–WC.**

Supreme Court of Kentucky.

June 18, 1998.

Dick Adams, Adams, Day, Whitfield, Ramey & Burns, Madisonville, for appellant.

Michael F. Dahlen, Steve Erdely, IV, Feirich, Mager, Green & Ryan, Carbondale, IL, for appellee Island Creek Coal Company.

Richard H. Campbell, Jr., Administrative Law Judge, Danville, for appellee Richard Campbell, Jr.

Walter W. Turner, Commissioner, Department of Workers' Claims, Frankfort, for appellee Workers' Compensation Board.

COOPER, Justice.

This is an appeal from an order of the Court of Appeals which dismissed Appellant's petition for review of an order of the workers' compensation board on grounds of lack of subject matter jurisdiction. The issue is whether the board's reversal of a retraining incentive benefits (RIB) award and remand for reconsideration was a final and appealable order.

KRS 342.316(2)(d)3 provides:

Within sixty (60) days of the receipt of the claim [for RIB benefits], the employer shall notify the commissioner and the claimant whether or not the claim will be resisted. If the claim is not resisted, an administrative law judge shall within ten (10) days enter an order and award for the claimant. If the claim is resisted, the administrative law judge shall notify the affected employee thereof. In litigated claims, the regular procedures prescribed by the commissioner shall be followed.

Appellant's application for RIB benefits was filed on February 28, 1995. When the employer failed to file a notice of resistance within sixty days, the Chief Administrative Law Judge ordered the case assigned to an Administrative Law Judge for entry of an appropriate opinion and order. The employer's motion to vacate this order was overruled, as was its petition for reconsideration. The ALJ to which the claim was assigned subsequently determined that Appellant's medical proof established a prima facie case and rendered a RIB award pursuant to KRS 342.732(1)(a). On appeal, the board reversed the award and remanded the claim to the ALJ to determine whether there was "good cause" for the employer's failure to file a timely notice of resistance.[1] Presumably, if the ALJ makes a finding of "good cause," the employer can present whatever defenses it might have with the ultimate result being a possible denial of the claim. The Court of Appeals held that the board's reversal of the ALJ's award was not a final and appealable order, because it did not finally dispose of the claim.

The employer argues that the board's order did not satisfy the finality requirements of CR 54.01, because it did not adjudicate "all the rights of all the parties" to this action. The employer also finds relevance in the fact that the order did not contain the recitation required by CR 54.02(1) in order to finalize an order which adjudicates less than all the claims of the parties. However, the purpose of CR 54 is to identify which orders of a trial level court are deemed final and thus appealable to an appellate court. It has no application to orders of appellate courts which affirm or reverse those final and appealable orders. Since the 1987 revision of KRS Chapter 342, the workers' compensation board has had only appellate jurisdiction of workers' compensation cases, unless there is an allegation of fraud or misconduct on the part of some person engaged in the administration of the Act. KRS 342.285(2). Thus, the "final and appealable" analysis in CR 54 has no application to the board's orders.

A number of cases decided prior to the 1987 revision addressed the issue of when a circuit court order remanding a case to the workers' compensation board was final and appealable to a higher court and when it was merely interlocutory. Prior to the 1987 revision, the workers' compensation board was the trial level for workers' compensation claims and the first appeal was to the circuit court. The circuit court's appellate jurisdiction was the same then as the board's is now. *See generally Jefferson County Bd. of Educ. v. Miller,* Ky.App., 744 S.W.2d 751 (1988). Those pre–1987 cases established the following test for determining when an order of remand by an appellate court is final and appealable to a higher appellate court:

(1) If the circuit court order either set aside the board's award or authorized the board to enter a different award, then the order deprived a party of a vested right and was final and appealable. *Browning Mfg. Div. v. Paulus,* Ky., 539 S.W.2d 296 (1976); *Davis v. Baker,* Ky., 530 S.W.2d 370 (1975); *Pittsburg & Midway Coal Mining Co. v. Rushing,* Ky., 456 S.W.2d 816 (1969); *Jewell Ridge Coal Co. v. McDowell,* Ky., 392 S.W.2d 59 (1965); *Tecon Corp. v. Oser,* Ky., 385 S.W.2d 55 (1964); *Mullins v. Kentucky West Virginia Gas Co.,* Ky., 307 S.W.2d 169 (1957); *Kenmont Coal Co. v. Clark,* 294 Ky. 226, 171 S.W.2d 242 (1943); *Dep't of Highways v.*

1. The employer claims that although its insurer received timely notice of the application and mailed a copy to its counsel, its counsel never received the notice and did not learn of the claim until it received a copy of the Chief ALJ's order assigning the claim to an ALJ for entry of an award. The board found support for its "good cause" theory in CR 55.02, which permits the setting aside of a default judgment for good cause. Since KRS Chapter 342 contains no provision for setting aside a default judgment, the board reasoned that CR 55.02 would apply to the entry of an order and award under KRS 342.316(2)(d)3. We note in passing that RIB awards were formerly included in KRS 342.316(2)(c)3, which contains the following saving provision:

Upon request of an interested party *and a showing of good cause,* the administrative law judge may extend, one time, the time period for filing a notice of resistance as prescribed in this subparagraph, provided said extension shall not exceed thirty (30) days. (Emphasis added.)

When KRS 342.316(2)(d)3 was enacted for RIB claims in 1990, the saving provision was not included.

*Giles,* 284 Ky. 846, 146 S.W.2d 37 (1940); *Inland Steel Co. v. Newsome,* 281 Ky. 681, 136 S.W.2d 1077 (1940); *Searcy v. Three Point Coal Co.,* 280 Ky. 683, 134 S.W.2d 228 (1939).

(2) If the circuit court order only remanded the case to the board with directions to comply with statutory requirements without authorizing the taking of additional proof or the entry of a different award, the order was interlocutory and not appealable. *Green River Fuel Co. v. Sutton,* 260 Ky. 288, 84 S.W.2d 79 (1935) (remanded with directions to comply with the statute requiring separate findings of fact and conclusions of law); *Wagoner v. Mills,* Ky.App.; 566 S.W.2d 159 (1977) (remanded with directions to enter a finding of fact as to the date of the claimant's last injurious exposure).

In *Stewart v. Lawson,* Ky., 689 S.W.2d 21 (1985), the case primarily relied upon by the employer and the Court of Appeals in this case, the board initially rendered an opinion dismissing the claim, stating that "the plaintiff has not sustained his burden of proof that he is occupationally disabled as the result of contracting the disease of coal worker's pneumoconiosis *while in the employ of the defendant coal company." Id.* at 22 (emphasis in original). The circuit court remanded with directions to make a specific finding as to whether the claimant suffered from an occupational disease, and if so, whether he received an injurious exposure while in the employ of the defendant. *NO APPEAL WAS ATTEMPTED FROM THIS ORDER.* On remand, the board reviewed the same evidence it had previously reviewed and entered an award in favor of the claimant. On appeal, the claimant argued *inter alia* that the original circuit court order was final and appealable and that the employer's failure to appeal that order to the Court of Appeals precluded its appeal from the circuit court's second order. Citing CR 54.01 and *Wagoner v. Mills, supra,* this Court held that the original circuit court order was not final and appealable, because it did not divest any party of a vested right. Of course, it did divest the employer of an adjudication in its favor, because it authorized the entry of a different order on remand. The issue on the second appeal should not have been whether the employer was required to appeal from the first circuit court order, but whether it was entitled to appeal from the second circuit court order which affirmed the board's award after remand. Thus viewed, the issue was not whether the first order was final and appealable under CR 54.01, but whether the second appeal was precluded because the first order was the "law of the case." *Williamson v. Commonwealth,* Ky., 767 S.W.2d 323 (1989); *Inman v. Inman,* Ky., 648 S.W.2d 847 (1982). Since the original circuit court order did not address the merits of the case, the "law of the case" doctrine would not have precluded the subsequent appeal. *Compare Pennwalt Corp. v. Beale,* Ky.App., 840 S.W.2d 830 (1992).

In the case *sub judice,* the board's order set aside an award in favor of Appellant and remanded the case with directions to determine whether the employer's failure to file a timely notice of resistance was for "good cause," and, presumably, if so, to take additional proof and enter a new order. Since this order allowed the ALJ on remand to divest Appellant of his vested right to a RIB award, it was final and appealable to the Court of Appeals. To the extent that *Stewart v. Lawson, supra,* holds otherwise, it is overruled.

Accordingly, the Order of the Court of Appeals dismissing this appeal is reversed and this action is remanded to the Court of Appeals with directions to consider the merits of Appellant's appeal.

All concur.