**Robert L. WHITTAKER, Director of Special Fund, Appellant,**

v.

**Glenn O. MORGAN; Costain Coal, Inc., Now Lodestar Energy, Inc.; Donald G. Smith, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2000–SC–1018–WC.

Supreme Court of Kentucky.

Aug. 23, 2001.

John William Burrell, Labor Cabinet, Special Fund, Frankfort, for Appellant.

John S. Sowards, Jr., Wilson, Sowards, Polites & McQueen, Lexington, for Appellee Morgan.

Richard M. Joiner, Mitchell, Joiner, & Hardesty, P.S.C., Madisonville, for Appellee Costain Coal etc.

## OPINION OF THE COURT

The claimant sought benefits for coal workers' pneumoconiosis and settled the matter with the employer and the Special Fund for a 75% occupational disability. Later, he successfully reopened the claim due to increased pulmonary impairment and was awarded a total disability against which no credit was given to the defendants for overlapping benefits that were payable under the settlement. A petition for reconsideration by the Special Fund requested such a credit but was overruled. This appeal concerns whether a decision of the Workers' Compensation Board (Board) that the matter must be remanded for the calculation of a credit and that the credit must be calculated under KRS 342.125(5)(b) rather than as directed in *Whittaker v. Rowland,* Ky., 998 S.W.2d 479 (1999), is final and appealable. The Court of Appeals has determined that it is not.

The claimant filed a claim for benefits due to coal workers' pneumoconiosis wherein he alleged a last exposure of March 10, 1995. On January 8, 1996, after the parties had taken evidence, they agreed to a settlement which provided that the employer would pay a lump sum of $16,572.00 and that the Special Fund would pay a total of $49,718.63 in periodic payments of $155.98 per week for 318.75 weeks.

On April 21, 1998, the claimant moved to reopen. The motion was granted, and further evidence was taken. Comparing the claimant's status at reopening with that at the time of settlement, the Administrative Law Judge (ALJ) determined that the claimant had suffered from category 1/0 pneumoconiosis and that his spirometric values would have entitled him to income benefits for a 75% permanent, partial disability when he settled the initial claim. At reopening, he suffered from category 1/0 disease, and his spirometric values entitled him to income benefits for total disability. The claimant was, therefore, awarded income benefits for total disability, and the defendants were given credit "for any payment of such compensation heretofore made." The ALJ subsequently overruled a petition for reconsideration in which the Special Fund pointed out that the award was silent about a credit against the award for overlapping payments under the terms of the settlement and asserted that the credit should equal income benefits for the claimant's actual occupational disability at settlement regardless of the amount for which he settled. *See Whittaker v. Rowland,* Ky., 998 S.W.2d 479 (1999).

Appealing to the Board, the Special Fund again asserted its entitlement to credit for income benefits based upon the claimant's actual occupational disability at settlement. This argument was rejected by the Board. Although the Board agreed that the defendants were entitled to a credit and reversed the ALJ in that regard, it pointed out that *Whittaker v. Rowland, supra,* involved an award for an injury that was made under KRS 342.730. In contrast, the claimant's award was made under KRS 342.732 because it was for pneumoconiosis and, therefore, the credit must be calculated under KRS 342.125(2)(b) which specifically dealt with issues of credit in reopened pneumoconiosis awards. The Board remanded the matter to the ALJ for the calculation of a credit under KRS 342.125(2)(b); whereupon, the Special Fund appealed.

In a 2 to 1 decision, the Court of Appeals determined that the Board's decision was not a final order and, therefore, was not appealable. *Hook v. Hook*, Ky., 563 S.W.2d 716 (1978). A dissenting opinion concluded, however, that the decision was final and appealable under the criteria set forth in *Davis v. Island Creek Coal Co.*, Ky., 969 S.W.2d 712 (1998). This appeal by the Special Fund followed.

*Hook v. Hook, supra,* determined that where an order by its very nature is interlocutory, even the inclusion of recitals under CR 54.02, that the order is final and appealable and that there is no just cause for delay, will not render it so. *Hook* concerned whether a circuit court order was final and appealable where it determined only that the court had jurisdiction to consider modification of an order by a foreign jurisdiction that granted custody of a minor child. In *Davis v. Island Creek Coal Co., supra,* we determined that the final and appealable analysis in CR 54 does not apply to the Board's orders. *Id.* at 713. We also determined that where a decision of the Board sets aside an ALJ's decision and either directs or authorizes the ALJ to enter a different award upon remand, it divests the party who prevailed before the ALJ of a vested right and, therefore, the decision is final and appealable to the Court of Appeals.

Here, the Board agreed with the Special Fund that the defendants were entitled to credit against the income benefits that were awarded at reopening for benefits that were awarded under the settlement, and it reversed the ALJ's decision to the contrary. The Board determined, however, that the credit must be calculated as set forth in KRS 342.125(2)(b), rejecting the Special Fund's argument that *Whittaker v. Rowland, supra,* controlled the amount of the credit. The Board, therefore, remanded the claim and ordered the ALJ to award a credit under KRS 342.125(2)(b) for benefits that were payable under the settlement. Although the manner in which the Board ordered the credit to be calculated was different from the manner that was advocated by the Special Fund, the Board's decision divested the claimant of his victory before the ALJ on the question of credit and did not divest the Special Fund of anything that the ALJ had previously decided in its favor. It was the Special Fund, not the claimant, who appealed to the Court of Appeals and asserted that the Board had erred with regard to the manner in which the credit should be calculated. Thus, neither *Hook v. Hook, supra,* nor *Davis v. Island Creek Coal Co., supra,* is directly on point.

The question presented by this appeal is more accurately analyzed in terms of whether, if the Special Fund had failed to appeal the Board's decision with regard to the legal question concerning the manner in which the credit should be calculated, it would have been precluded by the "law of the case" doctrine from raising the issue again after the ALJ's decision on remand. In *Williamson v. Com.*, Ky., 767 S.W.2d 323, 325 (1989), we explained that a party who is aggrieved by an adverse appellate determination must appeal at the time the decision is rendered because an objection on remand is futile, and an appeal from the implementation of the appellate decision on remand amounts to an attempt to relitigate a previously-decided issue. *See also, Inman v. Inman,* Ky., 648 S.W.2d 847, 849 (1982). In view of the fact that the Board decided the legal question that was raised by the Special Fund and rejected its argument, the questions subject to appeal following the remand would have been limited to whether the ALJ properly construed and applied the order of remand. Had the Special Fund failed to appeal the adverse determination by the Board, that determi-

nation would have become the law of the case and, therefore, would have precluded a subsequent appeal of the issue. For that reason, the Board's decision was ripe for appeal.

The decision of the Court of Appeals is hereby reversed, and this matter is remanded to the Court of Appeals for a decision on the merits.

All concur.