**UNITED PARCEL SERVICE, INC., Appellant,**

v.

**Martina STOUDEMIRE; Hon. Sheila Lowther, Chief Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2007–CA–001479–WC.

Court of Appeals of Kentucky.

Feb. 15, 2008.

H. Douglas Jones, Lance O. Yeager, Christopher G. Newell, Louisville, KY, for Appellant.

Wayne C. Daub, Louisville, KY, for Appellee.

Before NICKELL, THOMPSON and VANMETER, JUDGES.

## OPINION

THOMPSON, Judge.

The employer, United Parcel Service, Inc. (UPS), petitions for review of an opinion of the Workers' Compensation Board (the Board) affirming the Chief Administrative Law Judge's (CALJ) finding that Martina Stoudmire properly preserved as an issue whether she was entitled to additional temporary total disability benefits (TTD benefits). The Board further found, however, that the CALJ failed to address whether substantial evidence existed that, because of Stoudemire's left knee and low back conditions, she had not reached a level of improvement that would permit her to return to her customary employment. KRS 342.0011(11)(a). As a result, the Board remanded the case for additional findings.

■ Prefatory to our discussion regarding whether Stoudemire preserved her claim for additional TTD benefits, we consider whether the Board's opinion and order is final and appealable. Our analysis is governed by the Supreme Court's opinion in *Davis v. Island Creek Coal Company*, 969 S.W.2d 712 (Ky.1998).[1] Contrary to this Court's decision in *Stewart v. Lawson*, 689 S.W.2d 21 (Ky.1985), and in *Davis*, the Supreme Court held that under the post–1987–Act, the Board's role is ap-

---

1. The parties take an unusual stance on the issue of the whether the Board's order is final and appealable. UPS, apparently uncertain about the post-*Davis* application of the final and appealable rule, raised the issue before this Court. Stoudemire, in an effort to have her case decided, argues that the Board's opinion and order is final and appealable.

pellate and CR 54.01 has no application to the Board's orders. "A decision by the Board is final and appealable if it sets aside the ALJ's decision and either directs or authorizes the entry of a different award on remand because such a decision divests the party who prevailed before the ALJ of a vested right." *Sidney Coal Co., Inc./Clean Energy Mining Co. v. Huffman*, 233 S.W.3d 710, 713 (Ky.2007).

 The Board rejected UPS's claim that Stoudemire failed to properly preserve her claim for additional TTD benefits. As to that issue, the Board left nothing to be resolved on remand. Although Stoudemire did not appeal, under the *Davis* analysis, we likewise conclude that the Board's remand for additional findings regarding the award for additional TTD benefits is a final and appealable order. Specifically, the Board stated:

> The Chief ALJ seems to have awarded the additional TTD based solely on Stoudemire's low back complaints. For these reasons this case must be remanded to the Chief ALJ to address whether substantial evidence exists to satisfy the second prong of KRS 342.0011(11)(a) as it applied to Stoudemire's left knee and low back conditions.

Because the Board permitted the CALJ on remand to divest Stoudemire of her award of additional TTD benefits for the period from July 16, 2004, through August 11, 2005, we conclude that the order is final and appealable.

 The sole issue raised on this appeal is whether the Board correctly concluded that Stoudmire had properly preserved the issue of additional TTD benefits from July 16, 2004, through August 1, 2005. UPS contends that pursuant to 803 KAR 25:010 § 13, Stoudemire did not preserve the issue by raising it at the hearing or designating it as a contested issue. The regulation provides that the CALJ is to conduct a benefit review conference and, if the claim is not settled as a result of the conference, a summary stipulation of all contested and uncontested issues must be prepared and signed by the parties and the CALJ. The regulation further provides that only contested issues shall be the subject of further proceedings.

Stoudemire filed a Form 101 alleging an injury to her right knee. In an interlocutory opinion, dated August 11, 2005, the CALJ found that Stoudemire's left knee and lower back complaints were the result of the additional stress caused by her right knee injury. UPS was ordered to preauthorize the diagnostic studies and treatment recommended by Stoudemire's treating physician and was further ordered to initiate payment of TTD benefits as of the date of the opinion to continue until the entry of further orders.

Stoudemire filed a petition for reconsideration from the interlocutory opinion requesting that additional TTD benefits should have continued from July 15, 2004, the date UPS denied medial treatment for her lower back and left leg condition. The CALJ denied the petition. However, the issue of Stoudemire's entitlement to additional TTD benefits was reserved for future consideration.

Although the issue of additional TTD benefits was not raised at the initial benefit review conference, the extent and duration of disability was specifically designated as a contested issue in the parties' stipulations. UPS's preservation argument ignores that the term "disability" as used in KRS 342.730, encompasses both temporary total disability benefits and permanent partial disability benefits. Moreover, the Supreme Court of Kentucky has recently rejected the argument now poised by UPS.

In *Sidney Coal Co., Inc./Clean Energy Mining Co.*, 233 S.W.3d at 713–714, the Court held the parties' list of contested

issues that included the "extent and duration" of disability, included the employee's claim to additional TTD benefits. Relying on the Board's consistent interpretation of its own regulation, the Court concluded:

> The employer notes that the parties listed the contested issues as being: "Extent and duration" and "Overpayment of TTD." It asserts that the claim should not be remanded for additional findings regarding TTD because the claimant failed to list his entitlement to TTD beyond what the employer paid voluntarily, *i.e.*, underpayment of TTD. This argument ignores the Board's statement that it has interpreted the regulation consistently and has held that "questions regarding the appropriateness and duration of TTD are encompassed within the question of extent and duration." We are convinced that the Board's interpretation is reasonable. Mindful that the courts give great deference to an administrative agency's interpretation of its own regulations, we find no error in that regard. *See J.B. Blanton Co. v. Lowe*, 415 S.W.2d 376 (Ky.1967).

*Id.*

Based on the Supreme Court's decision, UPS's contention that the issue of additional TTD benefits was not properly preserved for the CALJ's consideration must fail.

The opinion and order of the Workers' Compensation Board is affirmed.

ALL CONCUR.