RENDERED: FEBRUARY 18, 2016
TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

2015-SC-000095-WC

GLENN HAMPTON        APPELLANT

V.
     ON APPEAL FROM COURT OF APPEALS
CASE NO. 2014-CA-000409-WC
WORKERS' COMPENSATION BOARD NO. 11-WC-98603

FLAV-O-RICH DAIRIES;
HONORABLE WILLIAM J. RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD        APPELLEES

## OPINION OF THE COURT BY JUSTICE KELLER

### REVERSING AND REMANDING

The Administrative Law Judge (ALJ) found Glenn Hampton to be permanently totally disabled. Flav-O-Rich appealed to the Board arguing, in pertinent part, that the ALJ's opinion lacked sufficient findings to permit a meaningful review. The Board agreed, vacating the ALJ's opinion and remanding for additional findings of fact. Hampton filed a petition for review with the Court of Appeals, which the Court dismissed as prematurely filed from a non-final Board opinion. We disagree with the Court of Appeals that the Board's opinion was not final; therefore, we reverse and remand to the Court of Appeals for consideration of the merits of Hampton's appeal.

# I. BACKGROUND.

The parties stipulated that Hampton suffered a work-related injury on December 30, 2010. Following the presentation of evidence and a hearing, the ALJ awarded Hampton permanent total disability benefits. Flav-O-Rich filed a petition for reconsideration asking the ALJ to make 25 additional findings of fact to justify his award. The ALJ denied Flav-O-Rich's petition, stating that he had "thoroughly discuss[ed] the contested issues raised by the parties . . . ."

Flav-O-Rich appealed to the Board arguing that: the ALJ failed to make sufficient findings of fact to permit meaningful appellate review; the ALJ did not consider all of the evidence; and the ALJ's opinion was not supported by evidence of substance. The Board summarized the evidence but only addressed the first issue, finding that the ALJ's summary of the evidence and findings of fact were not sufficient to permit the Board "to discern the basis of the ALJ's decision." Therefore, the Board vacated the ALJ's opinion and remanded the claim to him for additional findings of fact sufficient to inform the parties "of the basis for [his] decision and permit meaningful appellate review" and "for additional proceedings." Furthermore, the Board stated that, because it was remanding for additional fact finding and proceedings, "it would be premature to address Flav-O-Rich's additional arguments."

Hampton filed a petition for review with the Court of Appeals, arguing, in pertinent part, that the ALJ had made sufficient findings of fact to support his finding of permanent total disability. Flav-O-Rich argued that the Board's opinion was not final and appealable and therefore asked the Court to dismiss

2

Hampton's appeal. The Court of Appeals agreed with Flav-O-Rich, finding that, because the Board's opinion did not divest Hampton of a vested right and it did not direct or authorize the ALJ to enter a different award on remand, it was not final. Hampton appeals, arguing that the Board's opinion was final and appealable.

## II. STANDARD OF REVIEW.

Whether the Board's opinion is final and appealable is a question of law, and we review questions of law *de novo*. *See Saint Joseph Hosp. v. Frye*, 415 S.W.3d 631, 632 (Ky. 2013).

## III. ANALYSIS.

As noted above, the sole issue before us is whether the Board's opinion is final and appealable. The Court of Appeals, relying on our holding in *Whitaker v. Morgan*, 52 S.W.3d 567 (Ky. 2001), held that the Board's opinion is not final and appealable because it simply required the ALJ to make sufficient findings of fact to permit a meaningful review. The Board did not, according to the Court, direct or authorize the ALJ to alter his ultimate finding of permanent total disability. We disagree.

The seminal case involving the finality of a Board decision is *Davis v. Island Creek Coal Co.*, 969 S.W.2d 712 (Ky. 1998). In *Davis*, the claimant was awarded retraining incentive benefits when the employer failed to timely contest his claim. *Id.* at 713. The Board reversed and remanded the claim to the ALJ with instructions to find whether the employer had asserted "good cause" for its failure to timely contest the claim. *Id.* The Court of Appeals held

3

that this decision by the Board was not final and appealable "because it did not finally dispose of the claim." *Id.*

Citing to case law dealing with the finality of circuit court decisions in workers' compensation claims, we held that the test for determining finality is:

> (1) If the circuit court order either set aside the board's award or authorized the board to enter a different award, then the order deprived a party of a vested right and was final and appealable[;]
>
> [however,]
>
> (2) [i]f the circuit court order only remanded the case to the board with directions to comply with statutory requirements without authorizing the taking of additional proof or the entry of a different award, the order was interlocutory and not appealable.

*Davis*, 969 S.W.2d at 713-14 (citations omitted).

We cited the following as examples of non-final circuit court orders: remanding for compliance with the requirement that opinions set forth separate findings of fact and conclusions of law, *Green River Fuel Co. v. Sutton,* 260 Ky. 288, 84 S.W.2d 79 (1935); and remanding for a finding of fact regarding the date of last injurious exposure, *Wagoner v. Mills,* 566 S.W.2d 159 (Ky. App. 1977).

Applying the preceding to Davis's claim, we concluded that the Board's decision was final and appealable. *Id.* at 714. In doing so, we noted that:

> [T]he board's order set aside an award in favor of Appellant and remanded the case with directions to determine whether the employer's failure to file a timely notice of resistance was for "good cause," and, presumably, if so, to take additional proof and enter a new order. Since this order allowed the ALJ on remand to divest Appellant of his vested right to a RIB award, it was final and appealable to the Court of Appeals.

4

In *Whittaker v. Morgan*, 52 S.W.3d 567, 569 (Ky. 2001) we somewhat reworded the rule from *Davis* as follows:

> [W]here a decision of the Board sets aside an ALJ's decision **and** either directs or authorizes the ALJ to enter a different award upon remand, it divests the party who prevailed before the ALJ of a vested right and, therefore, the decision is final and appealable to the Court of Appeals.

*Whittaker v. Morgan*, 52 S.W.3d 567, 569 (Ky. 2001) (emphasis added).

The Court of Appeals cited to the preceding language in support of its opinion. However, the Court of Appeals's reliance on *Morgan* is misplaced because the preceding language in *Morgan* is *dicta*. In *Morgan*, the claimant settled his coal workers' pneumoconiosis claim with the employer and the Special Fund for a 75% occupational disability. *Id.* at 568. Several years later, the claimant reopened his claim, and an ALJ made a total occupational disability award with no credit for overlapping benefits. *Id.* The Special Fund appealed to the Board, which reversed the ALJ. *Id.* The Board then remanded the claim to the ALJ for additional findings and for calculation of the Special Fund's credit pursuant to Kentucky Revised Statute (KRS) 342.125(2)(b). *Id.* The Special Fund appealed to the Court of Appeals, arguing that the credit should be calculated pursuant to *Whitaker v. Rowland*, 998 S.W.2d 479 (Ky. 1999). *Id.* Apparently relying on *Hook v. Hook*, 563 S.W.2d 716 (1978), the Court of Appeals held that the Board's opinion was not final and appealable.[1] *Id.* at 569.

---

[1]We do not have available a copy of the Court of Appeals opinion in *Morgan*; however, from this Court's opinion it appears that the Court of Appeals erroneously

5

We reversed the Court of Appeals, finding that, while "the Board's decision divested the claimant of his victory before the ALJ on the question of credit . . . [it] did not divest the Special Fund of anything that the ALJ had previously decided in its favor." *Id.* Because the appellant, the Special Fund, had not been divested of anything by the Board's decision, we concluded that the *Davis* analysis did not apply. *Id.* Rather, we stated that the finality of the Board's decision turned on whether, absent an appeal, it would have become the law of the case, thus barring the Special Fund from questioning the Board's conclusion that the credit should be calculated pursuant to KRS 342.125(2)(b). *Id.* at 569-70. We determined that the Board's decision was final because, absent an appeal, the credit calculation decision by the Board would have become the law of the case. There is no law-of-the-case issue herein, thus *Morgan* is not applicable.

We believe that *Sidney Coal Co., Inc./Clean Energy Mining Co. v. Huffman*, 233 S.W.3d 710 (2007) is more nearly on point. Huffman suffered a crush injury to his right little finger and another crush injury to his left foot, which he alleged resulted in physical and psychological impairment. The medical proof was a mixed-bag with widely varied opinions regarding Huffman's impairment rating and restrictions. Based on that evidence, the ALJ determined that Huffman's finger injury had resolved, and he assigned Huffman no impairment rating for that injury. As to Huffman's foot injury, the

---

applied *Hook v. Hook*'s Kentucky Rule of Civil Procedure 54 finality analysis to the Board's opinion.

ALJ believed Huffman's physician had made the correct diagnosis but had assigned a "suspect" impairment rating for that injury. Therefore, he adopted the impairment rating from one of the employer's evaluators and, because he believed Huffman's psychological evidence, the ALJ assigned an impairment rating accordingly. Huffman filed a petition for reconsideration arguing, in pertinent part, that the ALJ had ignored unrebutted medical proof regarding his finger-related impairment and a related period of temporary total disability. The ALJ denied the petition, and Huffman appealed to the Board, which "determined that [Huffman] was entitled to findings that appropriately addressed his theory of the case and demonstrated that the ALJ considered the evidence . . . and it held that the claim must be remanded for that purpose." *Huffman* at 714 (citations omitted). The Court of Appeals held that the Board's opinion was not final and appealable, nonetheless, it affirmed the Board.

This Court agreed with the Board that Huffman "was entitled to at least some indication that the ALJ considered his theory of the case." *Id.* at 714. Furthermore, this Court noted that "[t]he Board's order of remand did not limit the ALJ to stating the reasons for awarding partial disability benefits but [it] permitted the ALJ to enter a different award after analyzing the issue." *Id.* While it is unclear from our opinion in *Huffman* whether the Board vacated the ALJ's opinion or whether it specifically stated that the ALJ could enter a different award on remand, it is clear that the ALJ's ability to do so was a key factor in determining finality.

Herein, the Board vacated the ALJ's opinion and remanded for additional proceedings. However, the Board did not specifically order or authorize the ALJ to reach a different result. Therefore, we must determine if, absent that specific order or authorization, the Board's opinion was final.

Initially, we note and adopt, with modification for current practice, the holding from *Davis* that a Board opinion is final if it divests a party of a vested right by setting aside an ALJ's award **or** by authorizing or requiring the entry of a different award on remand. The substitution of **and** for **or** by the Court in *dicta* in *Morgan* was a misstatement of the holding from *Davis,* and we hereby correct that misstatement.

Next, we note that, when the Board vacates an ALJ's opinion, it "nullif[ies] or cancel[s]; make[s] void; invalidate[s]" that opinion. Black's Law Dictionary (10th ed. 2014). When the Board vacated the ALJ's opinion, that opinion ceased to exist, and Hammond was divested of his permanent total disability award. Therefore, under what we believe to be the proper test from *Davis,* the Board's opinion was final and appealable.

Finally, we note that, even if we believed that finality requires two findings - divestment of a vested interest and the authorization or requirement of a different award on remand - the Board's opinion met the second requirement. Because the Board vacated the ALJ's award, he is required to write a new opinion on remand; he cannot, as the Court of Appeals indicated, simply supplement his existing opinion with additional findings of fact. In the process of writing that new opinion, there is nothing to prevent the ALJ from

8

entering a different award, nor is there anything to compel the ALJ to enter the same award. By vacating the ALJ's opinion and requiring him to make additional findings, the Board has implicitly authorized him to enter a different award, thereby meeting the second alternative test for finality in *Davis.*

## IV. CONCLUSION.

For the foregoing reasons, we reverse the Court of Appeals. Because the Court of Appeals did not address the substance of Hampton's appeal, which we believe was simply that the ALJ's award was not deficient, we remand so that the Court of Appeals can do so. In the event the Court of Appeals agrees with the Board that the ALJ's opinion is deficient, it is free to affirm the Board's opinion. However, in the event that the Court of Appeals disagrees with the Board regarding the sufficiency of the ALJ's opinion, it must remand to the Board for consideration of the substantive issues raised by Flav-O-Rich before the Board.

All sitting. All concur.


COUNSEL FOR APPELLANT:

McKinnley Morgan
Morgan Collins & Yeast


COUNSEL FOR APPELLEE, FLAV-O-RICH DAIRIES:

Berlin Tsai
Lynch, Cox, Gilman & Goodman, PSC