WRIGHT, J., DISSENTING:
As the majority points out, "[t]he rules governing this Court's review of JCC proceedings only allow us to review the propriety of those proceedings upon submission of the JCC's final order resolving the proceedings." (Emphasis added.) However, since the JCC did not challenge this Court's procedural ability to address Judge Maze's argument concerning her motion for an additional informal hearing, the majority opinion addresses the merits of her "appeal." I dissent as this is in direct contradiction of our rules and we lack appellate jurisdiction in this matter.
Kentucky Supreme Court Rule (SCR) 4.290 addresses the judicial review of decisions of the Judicial Conduct Commission. Specifically, SCR 4.290(2) specifies that "A
*222 notice of appeal of the Commission's final order shall be filed...." (Emphasis added.) Furthermore, SCR 4.290(1) states that "To the extent applicable and not inconsistent with SCR 4, the Rules of Civil Procedure (CR) applicable to other types of proceedings shall apply to the judicial review of Commission orders by the Supreme Court." Pursuant to CR 54.02, "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02."
As the majority admits, the order Judge Maze requests this Court to appeal was not final. Therefore, we should not review it as an appeal. Rather, this case could have properly come to this Court as a writ action pursuant to CR 76.36 which reads, in pertinent part: "Original proceedings in an appellate court may be prosecuted only against a judge or agency whose decisions may be reviewed as a matter of right by that appellate court."
This is not a mere matter of splitting hairs; rather, it is a jurisdictional dilemma that must be dealt with. "Although the question is not raised by the parties or referred to in the briefs, the appellate court should determine for itself whether it is authorized to review the order appealed from." Hook v. Hook , 563 S.W.2d 716, 717 (Ky. 1978). More recently, we have stated: "As a preliminary matter, this Court's jurisdiction to hear this matter as a direct appeal must be addressed.... Though neither party has raised or addressed the issue, this Court must determine for itself that jurisdiction is proper." Leonard v. Commonwealth , 279 S.W.3d 151, 155 (Ky. 2009), citing Hubbard v. Hubbard , 303 Ky. 411, 412, 197 S.W.2d 923, 923 (1946) ("This question is not raised by the record, nor is it referred to in the briefs, but jurisdiction may not be waived, and it can not be conferred by consent of the parties. This court must determine for itself whether it has jurisdiction."). Here, the order in question is "plainly an interlocutory determination.... It [is] not reviewable by direct appeal." Hook, 563 S.W.2d at 717.
This Court makes the rules-both SCR and CR-for the orderly administration of justice. We should not turn a blind eye to those rules in this case and allow an appeal from a nonfinal order, lest we risk facing an onslaught of such improper "appeals." If we disregard our rules, they become meaningless. Here, we lack appellate jurisdiction and should not entertain this case. For these reasons, I dissent and would dismiss Judge Maze's appeal as improper.
/s/ John D. Minton, Jr.
CHIEF JUSTICE
Keller and Lambert, JJ., join.