Lawrence ROBINSON, Appellant,

v.

CRIDER MINING COMPANY et al., Appellees.

Supreme Court of Kentucky.

Feb. 20, 1976.

Ronald W. May, Pikeville, for appellant.

Francis, Kazee & Francis, Prestonsburg, Earl Cornett, Special Fund, Dept. of Labor, Frankfort, for appellees.

PALMORE, Justice.

Lawrence Robinson appeals from a judgment affirming an order of the Workmen's Compensation Board disallowing his claim for benefits on the basis of compensable pneumoconiosis coupled with chronic bronchitis. See KRS 342.316(7).

The claimant had worked for 27 years in the mines, and it was not denied by any of the medical witnesses that his exposure to harmful dust during the course of that experience would have been sufficient to cause pneumoconiosis and to be a significant factor in causing the chronic bronchial condition. He also had smoked a pack of cigarettes per day for 25 years.

Dr. Paul L. Odom examined the claimant personally and, with the assistance of an Xray and pulmonary function studies, diagnosed his condition as including category 1 pneumoconiosis, hypertension, and 50% hearing loss.

On the basis of the same Xray, but without examining the claimant himself, Dr. William H. Anderson testified that the Xray "showed sufficient nodulation as to warrant a designation of a category 2 pneumoconiosis."

Dr. Ballard D. Wright examined the claimant personally, took Xrays and made pulmonary function tests. His diagnosis was as follows:

"1  Chronic obstructive pulmonary disease, chronic bronchitic type, associated with smoking and inhalation of respirable dust, Class II respiratory impairment, 10–20% impairment of the whole man.

"2  The diagnosis of coal worker's pneumoconiosis Category I cannot be excluded.

"3  Hypertensive cardiovascular disease untreated and uncontrolled."

Dr. Richard P. O'Neill examined the claimant in behalf of the Special Fund. He too used Xrays and pulmonary function studies, and reported the following diagnosis:

"1.  Chronic bronchitis. 2.  Mild arteriosclerotic cardiovascular disease. 3.  Hypertension. 4.  Anxiety tensions."

With specific reference to pneumoconiosis, Dr. O'Neill testified thus:

Q—  "Is the plaintiff  .  .  .  disabled from engaging in the work of underground coal mining because of pneumoconiosis?"

A—  "No sir, he is not. I did not find evidence of pneumoconiosis. On my opinion he could continue to work as an underground coal miner."

As to the bronchitic condition, Dr. O'Neill testified under cross-examination as follows:

Q—  "Doctor, would this man's dust exposure of over some 27 years of coal mining have been a significant factor in the development of his bronchitis in your opinion?"

A—  "Yes, sir."

The Board expressly accepted as true "the evidence presented by the Special Fund to the effect that the plaintiff is not affected with the occupational disease of pneumoconiosis and disabled thereby" and on that basis found that he had not sustained the burden of proof to its satisfaction. The circuit court concluded that the evidence did not require a contrary factual finding.

The claimant argues that KRS 342.316(7) is being misconstrued. That statutory subsection, formerly KRS 342.316(6), was materially amended by Ch. 16, Acts of 1970, and was redesignated as KRS 342.316(7) by Ch. 78, Acts of 1972. It reads as follows (with the 1970 amendatory language italicized):

"In case of disability or death from silicosis, *coal workers' pneumoconiosis,* or any other compensable pneumoconiosis, complicated with tuberculosis of the lungs, *pulmonary emphysema or other pulmonary dysfunction and there has been employment exposure to harmful dust or industrial hazards reasonably competent to produce such accompanying disease or dysfunction, there is a rebuttable legal presumption that all resultant disability therefrom is work related and compensable, and* compensation shall be payable as for the uncomplicated disease, provided, however, that the disease *or dysfunction* was an essential factor in causing such disability or death."

The claimant's theory is that under this statute, even though Dr. O'Neill's opinion was that there was no evidence of pneumoconiosis, his concession that 27 years of coal mining would have been a significant factor in the development of chronic bronchitis, which he did find to exist, created a rebuttable presumption that the bronchial condition was work-connected and therefore compensable.

■ Perhaps that ought to be the law, but we did not write the statute and do not have authority to amend it as we might think more suitable. Plainly and clearly as can be put in the English language, it applies only to pulmonary dysfunctions that are accompanied by pneumoconiosis. Since there was a conflict in the medical evidence as to whether the claimant has pneumoconiosis, the circuit court was correct in its conclusion that the Board's finding in that respect cannot be set aside. Hence the rebuttable presumption provided by KRS 342.316(7) did not apply.

It does not necessarily follow, however, that the claimant was not entitled to an award.

Until 1970 KRS 342.316 provided in part as follows:

" 'Occupational disease' as used in this chapter means a disease arising out of and in the course of the employment. Ordinary diseases of life to which the general public is equally exposed outside of the employment shall not be compensable, except where such diseases follow as an incident of an occupational disease as defined in this section."

■ By Sec. 3 of Ch. 16, Acts of 1970, the second sentence of that statute was deleted, thus eliminating the exclusion of ordinary diseases to which the general public is equally exposed outside of the employment in question.[1] The upshot of this very significant change in the law is, we think, that even in the absence of pneumoconiosis the existence of another disease, common though it may be to the general public, need not be disregarded and cannot be summarily eliminated from consideration if there is competent evidence that it contributed to the claimant's disability and that the work was a causative factor in it.

■ It is readily apparent that the Board, having rejected the diagnosis of pneumoconiosis, gave no consideration to whether the claimant was in any degree disabled as the result of chronic bronchitis and, if so, whether and to what extent, within the context of KRS 342.620(2)(a), his

1. Sec. 18 of Ch. 78, Acts of 1972, transferred the first sentence to KRS 342.620(2).

work in the mines had caused that condition. For that reason, and for the purpose of addressing itself to that issue, it is our opinion that the proceeding should have been remanded to the Board for reconsideration.

The judgment is reversed with directions that the proceeding be remanded to the Workmen's Compensation Board for further consideration consistent with this opinion.

All concur.