Edwin S. STEWART, Movant,

v.

Howard C. LAWSON, Deputy Commissioner of Labor, Successor to John Calhoun Wells (the Special Fund); Coal Miners' Pneumoconiosis Fund; and Mountain Top Fuel, Inc., Respondents.

Supreme Court of Kentucky.

May 2, 1985.

R. Roland Case, Kelsey E. Friend Law Firm, Pikeville, for movant.

Dennis S. Kline, Dept. of Labor, Louisville for Special Fund.

William J. Baird, III, Baird & Baird, Pikeville, for Mountain Top Fuel.

Jackie H. Blankenship, Director, Workers' Compensation Bd., Frankfort, for respondents.

AKER, Justice.

The movant, Edwin Stewart, filed a claim for Worker's Compensation benefits against his employer, Mountain Top Fuel, Inc., the Special Fund and the Coal Miner's Pneumoconiosis Fund alleging that he had become disabled by pneumoconiosis/silicosis. The movant's work history included six years as a coal miner, of which three were spent underground, and six years as a general laborer packing fiberglass for shipment.

The Board deposed several doctors, four of whom diagnosed the movant as having pneumoconiosis, while five were of the opinion that he was not suffering from the disease. The Board rendered an opinion and order dismissing the claim stating that "the plaintiff has not sustained his burden of proof that he is occupationally disabled as the result of contracting the disease of coal worker's pneumoconiosis *while in the employ of the defendant coal company.*" (Emphasis added).

The movant appealed to the Pike Circuit Court which remanded the case to the Board to make a specific finding as to whether the movant suffered from an occupational disease, and if so, whether he received an injurious exposure while in the employ of the respondent, Mountain Top Fuel, Inc.

On remand, the Board reviewed the medical evidence presented at the original hearing and concluded that movant had the occupational disease, pneumoconiosis/silicosis, and that the movant was last exposed to the disease while employed by Mountain Top Fuel. The Board stated that it could not be conclusively proven that the disability resulted from the last exposure. The Board found that Stewart sustained an occupational disability of 70%, apportioning 14% to Mountain Top Fuel, 28% to the Special Fund and 28% to the Coal Miner's Pneumoconiosis Fund.

The circuit court affirmed the award, but the Court of Appeals reversed on the grounds that the original opinion and order of the Board made a sufficient finding that the movant did not suffer from an occupational disease. The court reinstated the original opinion denying the movant disability benefits. This court granted discretionary review and we reverse the opinion of the Court of Appeals.

■ For the movant to have recovered Worker's Compensation benefits, the Board is required to find, among other things, that he has an occupational disease as defined in KRS 342.620, and the place of employment where he received his last "injurious exposure" to the disease. The Board did not make these findings either explicitly or implicitly in its original opinion. It found only that the movant did not contract pneumoconiosis while in the employ of Mountain Top Fuel. It did not make a finding as to whether the movant had pneumoconiosis, whether he was occupationally disabled by it or whether he was injuriously exposed to the disease while in the employ of Mountain Top Fuel. Therefore, the circuit court properly remanded the case to the Board to make a specific finding on these issues. *Robinson v. Crider Mining Company*, Ky., 533 S.W.2d 530 (1976).

■ The respondent argues that even if the circuit court properly remanded the case to the Board for further findings, the Board erred because, without hearing additional evidence, it reversed its previous finding, citing *Beth-Elkhorn Corp v. Nash*, Ky., 470 S.W.2d 329 (1971).

The Board though did not reverse its previous finding. It was not inconsistent for the first opinion to state that the work for Mountain Top Fuel did not cause the occupational disability and the second opinion to state that the movant was occupationally disabled as a result of his working with coal and fiberglass over a number of years and that he was exposed to pneumoconiosis while employed by Mountain Top Fuel.

■ The movant for his part alleges that the respondent should have been barred from appealing to the Court of Appeals after the circuit court affirmed the Board's findings. The movant reasons that under *Davis v. Baker*, Ky., 530 S.W.2d 370 (1975), the original order of the circuit court remanding the case to the Board was a final and appealable order, and the appeal should have been taken at that time. Since the circuit court only remanded the case

for further findings and did not make a final disposition by way of terminating the action, adjudicate the rights of any party or operate to divest any party of some right, the action of the circuit court in remanding the case was not a final and appealable order within the meaning of CR 54.01. *Wagoner v. Mills*, Ky.App., 566 S.W.2d 159 (1977); see also *Ratliff v. Fiscal Court of Caldwell County, Kentucky*, Ky., 617 S.W.2d 36 (1981).

The opinion of the Court of Appeals is reversed, and the September 17, 1982 judgment of the Pike Circuit Court affirming the Board's award of disability benefits for the movant is hereby affirmed.

All concur.