# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED: JUNE 15, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0154-WC
2022-SC-0172-WC

KENTUCKY EMPLOYERS MUTUAL INSURANCE      APPELLANT/CROSS-APPELLEE

|  |  |
|---|---|
| V. | ON APPEAL FROM COURT OF APPEALS<br>NO. 2021-CA-0414<br>WORKERS' COMPENSATION BOARD<br>NO. 2017-WC-71184 |

JUSTIN THELE      APPELLEE/CROSS-APPELLANT

V.

DESIGN ELECTRICAL INTEGRATORS; METHODIST HOSPITAL, MIDWEST SURGERY CENTER, LLC.; ST. FRANCIS MEDICAL CENTER; MIDWEST NEUROSURGEONS; SOUTHEAST MISSOURI ANESTHESIA; HONORABLE JOHN MCCRACKEN, ADMINISTRATIVE LAW JUDGE; AND WORKERS' COMPENSATION BOARD      APPELLEES/CROSS-APPELLEES

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

This appeal concerns whether the Court of Appeals erred in ruling that the appeal was from an interlocutory order, vacating the decision of the Workers' Compensation Board (the Board), and remanding back to the Administrative Law Judge (the ALJ) to resolve the issue of sanctions. We agree

with the Court of Appeals that Kentucky Employers Mutual Insurance (KEMI) and Justin Thele appealed from an interlocutory order and, accordingly, affirm.

On August 10, 2017, Thele was injured in Indiana while working for Designed Electrical Integrators (DEI), a Kentucky corporation. Much of DEI's work takes place outside of Kentucky. DEI was insured by Kentucky Employers Mutual Insurance (KEMI). KEMI was aware from DEI's application for workers' compensation coverage that over 90% of its work occurred outside of Kentucky.

After Thele was injured, despite there being no dispute that this was a workplace accident, KEMI refused to pay Thele's medical expenses because it disputed that there was jurisdiction under the Kentucky Workers' Compensation Act (the Act) based upon its belief that Thele's employment contract was not made in Kentucky. In a December 12, 2018 filing by Thele, he submitted proof that his outstanding medical expenses were approximately $400,000.

In an interlocutory order entered on March 21, 2019, the ALJ found there was jurisdiction under the Act, Thele's medical expenses were related to his work injury and compensable, and additional medical expenses reasonably required by the Act were also compensable. KEMI filed a petition for reconsideration challenging whether Thele's contract for employment with DEI was entered into in Kentucky and arguing it was instead entered into in Mississippi.

In an order entered on April 15, 2019, the ALJ carefully and thoroughly addressed this issue. The ALJ noted that DEI was headquartered in Kentucky,

2

payroll would issue from Kentucky, Thele stated he believed his contract was entered into in Kentucky, asserted the DEI representatives were in Kentucky when they accepted him as an employee, he principally worked in Kentucky and received all his work orders from Kentucky. The ALJ specifically found based on Thele's representations that during their phone call negotiating employment, DEI was the "acceptor to the employment contract" and found "this fact places the employee contract in Kentucky." Importantly, the ALJ emphasized that DEI agreed that the contract of employment was entered into in Kentucky, KEMI was not a party to the contract, and KEMI was not claiming any fraud between Thele and DEI.

However, despite these orders, KEMI continued to refuse payment for Thele's outstanding medical expenses and DEI did not pay them either.

The August 5, 2020, Benefit Review Conference Order & Memorandum listed "sanctions for Failure to pay medical bills previously ordered to be paid" as a contested issue.

In an October 4, 2020, Opinion, Award and Order, the ALJ resolved all outstanding issues other than the issue of sanctions. The ALJ stated in its opinion section:

> **Sanctions for failure to pay medical expenses.** The ALJ is unable to determine whether or not any of the medical expenses covered by the March 21, 2019 Interlocutory Order have been paid. Defendants stipulated at the August 5, 2020 BRC that only $2,055.69 in medical expenses had been paid. The ALJ orders the Defendants DEI and KEMI, within 20 days of this Order, to provide a statement as to what medical bills have been paid as represented by the December 12, 2018 filing by Thele. If these providers were not paid, the ALJ orders Defendant[s'] to state why they were not paid as ordered by the March 21, 2019 Interlocutory Opinion.

3

The ALJ stated in its award and order section:

> Defendants are order[ed], within 20 days of this order, to provide a statement of what medical expenses and reimbursements were paid pursuant to the March 21, 2019 Interlocutory Opinion. Defendants are ordered to provide an explanation for any medical expenses not paid that were reflected in Thele's December 12, 2018 filing. The ALJ reserves a ruling on sanctions until after the Defendants[] compl[y] with this order.

KEMI denied responsibility for paying Thele's past expenses, relying on its belief that they were not compensable as there was no jurisdiction over them pursuant to the Act and stating that the interlocutory order did not require it to pay past unpaid medical expenses prior to a final adjudication. KEMI noted it planned to appeal whether the Kentucky Department of Worker's Claims (DWC) had jurisdiction over Thele's claim. KEMI also filed a petition for reconsideration.

On November 4, 2020, an order was entered in which the ALJ denied KEMI's petition for reconsideration. This order did not address the issue of sanctions.

KEMI appealed and Thele cross-appealed to the Board, with Thele also moving to remand as the appeal was from a non-final order due to the unresolved issue of sanctions. While the Board acknowledged Thele's argument and that remand was appropriate on the issue of sanctions, it did not resolve whether the failure to make a ruling on sanctions rendered the ALJ's order interlocutory.

The Board rejected KEMI's argument that there was no jurisdiction under the Act. It proceeded to review the merits of the ALJ's decision, affirming

4

as to all but one issue, in which it acknowledged that Thele was correct and vacated for additional findings.

The KEMI filed a petition for review and Thele filed a cross-petition for review with the Court of Appeals. The Court of Appeals determined "the ALJ's failure to address the contested issue of sanctions is dispositive as it precluded the Board from addressing the merits of the case." *Ky. Emp'rs. Mut. Ins. v. Thele*, 2021-CA-0414-WC, 2022 WL 880158, at *4 (Ky. App. Mar. 25, 2022) (unpublished). The Court of Appeals explained that the rules governing administrative appeals are subject to strict compliance and the Board's subject matter jurisdiction is limited pursuant to 803 Kentucky Administrative Regulations (KAR) 25:010 § 22(2) to review of final awards as determined in accordance with Kentucky Rules of Civil Procedure (CR) 54.02(1) and (2). The Court of Appeals determined that the ALJ resolved less than all of Thele's claims. Additionally, the ALJ failed to rule that its order should be deemed a final judgment and provide that "there is no just reason for delay." *Thele*, 2022 WL 880158, at *4 (quoting CR 54.02(1)). Accordingly, Thele's request for sanctions needed to be resolved before the ALJ's decision could be deemed final and appealable, and in failing to recognize this the Board "improperly addressed the merits of an interlocutory dispute and, thus, 'overlooked or misconstrued' the statute controlling its appellate jurisdiction." *Id.* (quoting *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992)).

KEMI initially argues that "since the DWC does not have subject matter jurisdiction over Mr. Thele's accident claim, all other issues, including the

5

issue of sanctions, are moot" and "the issue of subject matter jurisdiction [over Thele's accident] must be resolved before the Court can address the other issues[.]"

KEMI next argues that any error in the matter proceeding before the Board and Court of Appeals prior to the issue of sanctions being addressed has been waived by Thele failing to "raise [the issue of] the ALJ's failure to make findings of fact on the issue of sanctions as a patent error" in his petition for reconsideration. KEMI reasons that because the ALJ failed to make a ruling on sanctions based on having insufficient evidence in the record, it "failed to find that KEMI acted in violation of KRS [Kentucky Revised Statutes] 342.310[,][1] . . . was obligated to dismiss the issue of sanctions" and abused its discretion by re-opening the proof rather than determine that "Thele had not met his burden of proof on the issue of sanctions."

Finally, KEMI argues that its proper notice of appeal to the Board provided the Board with subject matter jurisdiction over this matter and "[t]he Court of Appeals committed legal error by finding that the Board did not have subject matter jurisdiction over this claim."

---

[1] KRS 342.310(1) provides:

If any administrative law judge . . . before whom any proceedings are brought under this chapter determines that such proceedings have been . . . defended without reasonable ground, he or it may assess the whole cost of the proceedings which shall include actual expenses but not be limited to the following: court costs, travel expenses, deposition costs, physician expenses, physician expenses for attendance fees at depositions, attorney fees, and all other out-of-pocket expenses upon the party who has . . . defended them.

Thele agrees with the Court of Appeals that the ALJ's decision was interlocutory because it did not address sanctions, but "would implore this Court to go ahead and decided the issues raised in this appeal" because:

> At the time of writing this Brief, it has been more than five (5) years since Thele's injury occurred. Based on the evidence in the record, Thele is not working and is totally disabled . . . . Despite receiving two orders to pay medical bills and an order to pay permanent income benefits to Thele, KEMI has not complied with those orders. As of the writings of this Brief, this case has spent essentially two (2) years in the appellate process.

Thele notes that however the ALJ rules on the issue of sanctions "it will not have any bearing on the legal issues presented in the pending appeals" and expresses his fear that if the case is remanded back for the issue of sanctions to be addressed, that "KEMI will undoubtedly appeal this case back to this Court" and Thele will lose another two and one half years before our Court will make a decision on the issues already before it now.

Thele additionally argues that the parties were well aware that the ALJ had ordered KEMI and DEI to submit additional evidence so that the ALJ could resolve the issue of sanctions, and that the ALJ planned to resolve this issue once it received an appropriate response. Therefore, Thele argues that KEMI is engaging in gamesmanship by now claiming for the first time that the ALJ resolved this issue and/or did not have the authority to reopen the proof. Thele argues it was appropriate for the ALJ to allow KEMI and DEI the opportunity to establish whether they had paid any of the medical bills they were previously ordered to pay before issuing a ruling as to sanctions.

7

Neither KEMI nor Thele provides a valid basis for reviewing this interlocutory appeal and reaching the ALJ's underlying decision that Thele's employment was covered by the Act or the merits of the award. KEMI is simply incorrect in its current interpretation that Thele must have somehow waived the right to receive any sanctions, when it was the ALJ who specifically provided for resolution of that issue later and specifically ordered KEMI and DEI to explain what it had paid or not paid, and why it had made such decisions. We disagree that this was somehow reopening the proof, when this last chance inured to KEMI's and DEI's benefit and was needed to craft an appropriate sanction if the ALJ believed one was warranted.

KEMI fails to even argue that the underlying order was final or that the requirements of CR 54.02 were satisfied for allowing review of a nonfinal order. Therefore, we believe KEMI must agree with Judge Taylor's cogent reasoning on this issue.

Finally, we reject KEMI's assertion that a lack of subject matter jurisdiction over Thele's accident must be resolved first. While not using these exact words, KEMI appears to be following an approach which our Court rejected the Court of Appeals using in *Hampton v. Intech Contracting, LLC*, 581 S.W.3d 27 (Ky. 2019). In *Hampton,* our Court disagreed that an argument that the Court of Appeals could consider and review an interlocutory order because "the circuit court . . . acting outside of the scope of its subject matter jurisdiction . . . was the functional equivalent of assert an absolute immunity defense, the denial of which was subject to interlocutory review." *Id.* at 33.

8

Instead, "because the order appealed from was interlocutory order and did not contain finality language, the Court of Appeals lacked jurisdiction to consider this interlocutory appeal and was required to dismiss it." *Id.* at 35.

We understand Thele's frustration that the ALJ's order to repay his substantial medical expenses was not followed by KEMI and DEI, and they seem to be following the playbook of delay, delay, delay. Such a situation is unacceptable and can cause severe hardship to an injured worker.

It is of vital importance that parties obey the orders of the ALJ, interlocutory or otherwise. It is intolerable for KEMI and DEI to unilaterally decide to disobey the ALJ's order to pay Thele's $400,000 of outstanding medical bills. They were provided a cogent explanation of why Thele's employment was covered under the Act and KEMI's disagreement with this ruling did not justify its failure to pay these bills and KEMI's intractability on this issue did not authorize DEI to not pay these bills either.

Unfortunately, while we have sympathy for Thele's position that it would be more expeditious to resolve this case on the merits now, we are not allowed to do so given the limitations of our jurisdiction to review interlocutory orders. Therefore, resolution on the merits will have to wait.

The Court of Appeals acted appropriately in correcting the Board and vacating its decision because the Board "overlooked or misconstrued" the controlling law that prohibits the appeal of interlocutory orders. The Board lacks subject matter jurisdiction where the legislature has failed to delegate it. *See Kenton Cnty. Bd. of Adjustment v. Meitzen,* 607 S.W.3d 586, 593 (Ky. 2020);

9

*Kentucky Unemployment Ins. Comm'n. v. Wilson*, 528 S.W.3d 336, 339, 341 (Ky. 2017); *Davis v. Island Creek Coal Co.*, 969 S.W.2d 712, 713 (Ky. 1998).

The Board may only review final orders as specified in 803 KAR 25:010 § 22(2) which incorporates CR 54.02. *See Hampton*, 581 S.W.3d at 31 (explaining that in an enforcement action of workers' compensation awards, that the circuit court's order which neither contained finality language nor resolved all the issues between the parties because a claim for attorney fees remained pending was by definition an interlocutory order). There is no statutory provision allowing an immediate appeal where an employer denies that an out of state employee is covered by the Act as not having a Kentucky contract, and therefore an interlocutory appeal based on such an issue is not authorized. *See Sheets v. Ford Motor Co.*, 626 S.W.3d 594, 600 (Ky. 2021) (explaining that the lack of an express right to an immediate interlocutory appeal, based on up the ladder immunity, prohibits such an appeal).

Accordingly, we affirm the Court of Appeals' opinion vacating the Board's decision and remand to the ALJ to resolve the outstanding issue of sanctions. We encourage the ALJ to act promptly in making factual findings and issuing a ruling as to whether sanctions are appropriate based on KRS 342.310 and 803 KAR 25:010 § 12(5).[2] We recognize that sanctions are an important tool to address parties having to bring proceedings to enforce prior orders and an ALJ

---

[2] 803 KAR 25:010 § 12(5) provides:

Benefits awarded pursuant to an interlocutory order shall not be terminated except upon entry of an order issued by an administrative law judge. Failure to pay benefits under an interlocutory order or termination

should not hesitate to impose such sanctions when a party intractably, willfully, and unreasonably fails to obey an ALJ's orders, resulting in further proceedings.

All sitting. All concur.

COUNSEL FOR APPELLANT/CROSS-APPELLEE, KENTUCKY EMPLOYERS MUTUAL INSURANCE:

Lyn Douglas Powers
Fulton, Devlin & Powers, LLC

COUNSEL FOR APPELLEE/CROSS-APPELLANT, JUSTIN THELE:

Jeffrey A. Roberts

COUNSEL FOR APPELLEES/CROSS-APPELLEES, MIDWEST NEUROSURGEONS, ET AL.:

Brian Scott Katz

COUNSEL FOR APPELLEE/CROSS-APPELLEE, DESIGNED ELECTRICAL INTEGRATORS:

Richard Christion Huston
Whitlow, Roberts, Houston & Straub, PLLC

ADMINISTRATIVE LAW JUDGE:

Hon. John McCracken

WORKERS' COMPENSATION BOARD:

Hon. Michael Wayne Alvey
Chairman

---

of benefits ordered pursuant to an interlocutory order without prior approval of the ALJ shall constitute grounds for a violation of the Unfair Claims Settlement Practices Act at KRS 342.267, and for sanctions pursuant to KRS 342.310 and Section 26 of this administrative regulation, unless good cause is shown for failure to do so.